7 U.S. 220
 3 Cranch 220
 2 L.Ed. 417
 MILLIGAN, ADMINISTRATOR OF MILLIGAN
v.
MILLEDGE & WIFE.*
 February Term, 1805
 
 ERROR to the circuit court for the district of Georgia, in chancery sitting.
 The object of the bill was to recover from the defendants, as legatees and devisees of George Galphin, deceased, a debt due by him to the complainant's intestate, as surviving partner of Clark and Milligan. The bill charges, that Clark and Milligan were merchants in London; that Milligan survived Clark, and that the complainant is the administrator of Milligan, the survivor; that in the year 1770, they supplied George Galphin with goods; that in 1773, George Galphin requested them by letter to supply goods to his three sons, Thomas, George and John, his nephew David Holmes, and John Parkinson, under the firm of Galphin and Holmes; that on the credit of G. Galphin, the elder, they shipped goods, &c. to the said company.
 That in 1776, G. Galphin, the elder, wrote to Clark and Milligan, to furnish goods to the said company, at their store in Pensacola, and that he would see them paid; that relying on the said engagement, they shipped further goods to the said company at Pensacola, and on the 31st of December, 1780, G. Galphin, the elder, owed,
 sterling.
 For himself, £ 1,120 1 2
 For Galphin, Holmes & Co. 1,296 5 3
 And, Jan. 1, 1784, for the Pensacola firm, 3,959 15 9
 all of which is now due and unpaid.
 That G. Galphin, the elder, died testate in 1781, or 1782, and duly appointed James Parsons, John Graham, Laughlin M'Gillvray, John Parkinson, William Dunbar, and his sons, John, George and Thomas Galphin, his executors; and left real and personal estate, sufficient to pay all his just debts.
 That all the executors declined the trust, excepting the three sons; that the copartnership of Galphin, Holmes & Co. was dissolved on the day of without any funds for the payment of their debts; that John and George Galphin, two of the executors, never meddled with the deceased's estate, having been long insolvent, are not within reach of the process of this court, are unknown to the complainant, and gone to places out of his knowledge.
 That William Dunbar is dead, leaving no assets of the deceased's estate.
 That David Holmes is dead, and left no property, to the knowledge of the complainant.
 That Thomas Galphin and John Parkinson are out of the jurisdiction of the court, and not possessed of any property, to the knowledge of the complainant.
 That John Milledge, and Martha his wife, who is daughter of G. Galphin, the elder, and a principal legatee and devisee under his will, have received, and are possessed of, lands, negroes, and assets of the estate of her father, which came to them by descent, devise, or distribution, and liable to the claim of the complainant.
 That Thomas, who resides in South-Carolina, holds no property of the deceased in South-Carolina; that the assets in that state have all been exhausted in satisfying prior judgments, or otherwise.
 That all the assets are in Georgia, in the hands of Milledge and wife, who must be considered as the agents and trustees of the executor, Thomas Galphin, or of the creditors, and liable to account for the same.
 Milledge and wife, the only persons made defendants in the bill, pleaded in bar, as follows:
 'The plea of Martha Milledge, one of the defendants to the bill of complaint of William Milligan.
 'The end of the complainant's bill is to render liable to the payment and satisfaction of an unliquidated demand on an open account, said to be due by the estate of George Galphin, in his own right, and as security and guarantee for Galphin, Holmes and company, certain property, real and personal, which is charged by the complainant to have come into the hands and possession of this defendant, as one of the devisees and legatees of the said George Galphin, deceased.
 'This defendant, by protestation not confessing all or any of the matters contained in the said bill to be true, in such manner and form as the same is therein set forth and alleged, doth plead in bar of the same, and for plea saith, that the complainant states that David Holmes, late copartner in the house of Galphin, Holmes & Co. and David Holmes and Co. is dead, and left no property or legal representatives, at his decease, within the state of Georgia; that neither John Parkinson, nor William Dunbar, have ever qualified on the will of George Galphin, and have never come into the possession of any of the estate of the said George Galphin, or if they have, that it is disposed of and exhausted; that Thomas Galphin holds no property or estate of the said George Galphin, and that the assets of the said estate in the state of South-Carolina, have all been exhausted in satisfying prior judgments, or otherwise.
 'But this defendant avers, that the said David Holmes died possessed of considerable estate, real and personal, part of which, if not all, must be in possession of his legal representatives; that William Dunbar qualified on the will of the said George Galphin, and died, leaving in the possession of his executors, administrators or legal representatives, considerable estate, real and personal, which he got, either by being one of the qualified and acting executors on the said will, or by his intermarriage with Judith Galphin, one of the devisees and legatees under the will of the said George.
 'And this defendant further avers, that Thomas Galphin and John Parkinson, charged and stated to be two of the surviving copartners of which this defendant Co. and David Holmes & Co. of which this defendant knoweth not, and said Thomas Galphin, being now the only acting and qualified executor of the last will and testament of the said George Galphin, are, and this defendant is ready to show, that they must be in possession of considerable real and personal estate, derived from the estate of the said George Galphin, deceased; that they are the proper persons liable and interested to contest, and who can with safety contest, the complainant's demands, if any he has, and the relief prayed in the said bill.
 'And this defendant doth further aver, that the debt or demand of the complainant, if any doth exist, originated in the state of South-Carolina; that all material, necessary, and indispensable and requisite parties, to wit, the said Thomas Galphin and John Parkinson, and the executors, administrators or legal representatives of William Dunbar, live, and notoriously and openly reside, in the state of South-Carolina, and in possession of estates, real and personal, sufficient to pay the complainant's demand, if any he has, and which estates and property are more particularly liable to the said demand, if any he has; and that the said parties are also amenable and compellable to appear to any suit or bill brought against them by the said complainant, for his said demand, if any he has, in the state aforesaid. All of which facts are in the knowledge of the complainant, and to him well known, before the filing of his said bill, for that the complainant also lives and resides in the state of South-Carolina; that this defendant is an entire stranger to, and ignorant of the merits and justice of the claim set up by the complainant, not being named as executrix in the will of the said George Galphin, or ever having intermeddled with the concerns of the said estate, or any ways interested in the copartnership aforesaid. All which matters this defendant doth aver and plead, in bar of the complainant's said bill, and of his pretended demands, for which he seeks to be relieved by his said bill. And this defendant prays to be hence dismissed, with her reasonable costs, in this behalf most wrongfully sustained.'
 This plea was sworn to, before a justice of peace.
 The plea of John Milledge was the same, in substance, as that of his wife.
 There was also a joint and several answer of Milledge and wife, which states no other facts than the following: viz. 'That there never did exist any secret or special trust, promise, covenant, or understanding, between these defendants and the executors of George Galphin, the elder, deceased, as charged in the bill of complaint, or did these defendants, or either of them, ever give any bond of indemnity, or other security whatever, to be accountable to Thomas Galphin, or John Parkinson, or any or either of the executors of the said George, for any property, real or personal, which might have come into the possession, or held by either of these defendants. That there does not now exist any secret or special trust, promise, covenant or understanding between these defendants and the executors aforesaid. And these defendants do, jointly and severally, deny all manner of unlawful combination,' &c. 'without that, that any other matter or thing in the said bill of complaint contained, material or necessary for these defendants to answer unto, not herein answered unto. All which matters and things these defendants are ready to aver and maintain,' &c.
 At May term, 1803, of the circuit court, holden by his honor, Judge Moore, the only entries on the transcript of the record which came up, are, as follows: 'Bill and amended bill.' 'Plea and answers.' 'On argument the plea sustained.' There is no entry of a demurrer, or motion, or of any other proceeding, except the continuances, after filing the pleas and answers, until the May term, 1803.
 At May term, 1804, of the circuit court, holden by his honor, Judge Johnson, the following decree was made.
 'This cause came on to be heard this 14th day of May, in the year of our Lord, 1804, upon the bill and exhibits, and the pleas and answers of the defendants; whereupon, it appearing that in the term of May, 1803, before the honourable Alfred Moore, one of the judges of the said court, the cause was heard upon the bill and the pleas, and that after argument, it was adjudged by the court, at the term of May, 1803, that the said plea be sustained; and it appears that the complainant hath not replied to the said plea. It is therefore ordered and decreed, that the bill of complaint be dismissed, in pursuance and conformity to the decision of the court at the said term, upon the said plea, the same appearing to the court, to be conclusive on the merits of the complainant's bill.
 Dated as Savannah, the day and year before written.
 WILLIAM JOHNSON, Jun.
 The complainant sued out his writ of error, and assigned for error,
 1st. That by the said decree it is adjudged and decreed, that the plea in bar aforesaid, and the matters therein contained, are sufficient to debar the complainant from the discovery and relief sought after by his said bill of complaint, and are conclusive on the merits thereof, and that, therefore, the said plea should be sustained as a valid and sufficient answer to the bill of the complainant. Whereas, the said plea is altogether irrelevant and insufficient, and contains no matter, which, in law or equity, ought to bar the discovery and relief sought after by the bill aforesaid.
 2d. That by the said decree, it is adjudged that the bill be dismissed, whereas, by the law of the land, and the rules of equity, a decree ought to have been made in favour of the complainant, for want of a sufficient answer upon the merits of the said bill, as to the relief prayed thereby.
 Key, for plaintiff in error, contended, that the pleas in bar were insufficient and informal, and contained matter not proper for a plea.
 The defence proper for a plea, must be such as reduces the cause to a particular point, and from thence creates a bar to the suit; and is to save the parties expense in examination. It is not every good defence in equity, that is likewise good as a plea; for where the defence consists of a variety of circumstances, there is no use of a plea; the examination must still be at large; and the effect of allowing such a plea, will be, that the court will give their judgment on the circumstances of the case, before they are made out by proof. 1 Atk. 54. Chapman v. Turner.
 A plea cannot be a mere denial of facts charged in the bill; for such matter is only proper for an answer. But such a plea may be permitted to stand for an answer, with leave to except to its insufficiency. 1 Brown, Ch. Ca. 408, 409, 410.
 The plea in this case sets forth five several distinct and independent matters, each of which is a denial of some allegation in the bill, and is, therefore, not proper for a plea, but for an answer. Nor do they go to make up one defence.
 The most that can be said of the plea is, that it shows that there are other persons who ought to be made parties in the cause. Considered in this view, it may be supposed, perhaps, requiring that Thomas Galphin, J. Parkinson, the representatives of David Holmes, and those of W. Dunbar, should have been made parties.
 
 
 1
 There can be no ground of requiring the represenatives of Holmes to be made parties, because we seek relief only against the estate of G. Galphin, the elder, and not against that of Holmes. As to the representatives of Dunbar, even if it be true that he qualified as executor, yet we are not bound to proceed against them, as there is an executor surviving. We ask no relief against Parkinson, and, therefore, we need not make him a party. And as to Thomas Galphin, he is expressly alleged in the bill, and admitted in the plea, to be out of the jurisdiction of the court, and therefore, we were not bound to make him a party. This is expressly laid down by Mitford, in his treatise of pleading, p. 93, who says, 'if a want of proper parties is not apparent on the bill, a defendant may plead it; and a plea of this nature goes both to the discovery and the relief. But where a sufficient reason is suggested by the bill, for not making the necessary party; as where a personal representative is a necessary party, and the bill states that the representation is in contest, in the ecclesiastical court; or where a necessary party is resident abroad, out of the jurisdiction of the court, and the bill charges that fact; or where the bill seeks a discovery of the necessary parties, a plea for want of parties will not be allowed. A plea for want of parties to a bill, for a discovery merely, will not hold; for the plaintiff in that case seeks no decree.' Prec. in Ch. 83. Cowslad v. Cely. 2 Atk. § 10. Darwent v. Walton.
 
 
 2
 As far as our bill seeks for relief, we could recover at law, against the defendants, as executors in their own wrong. It is true, that in equity, an executor de son tort is not known, but whenever a person would, at law, be executor de son tort, he will, in equity, be considered as a trustee for the creditors.
 
 
 3
 Real estate is in Georgia considered as assets. (See the case of Telfair v. Stead's executors, in this court at this term, ante, vol. 2, 407.)
 
 
 4
 The bill charges that the defendants have assets.
 
 
 5
 All the facts charged in the bill, and not denied in the plea or answer, are to be considered as admitted.
 
 
 6
 The bill also charges, that there are no assets in South Carolina.
 
 
 7
 We were, therefore, obliged to go against the assets in Georgia.
 
 
 8
 It is no bar to say, that there is an executor in South Carolina who has no assets; and it was not necessary that we should make such an executor a party.
 
 
 9
 MARSHALL, Ch. J. The only question is, whether it is not necessary that you should bring a suit against the executor in South Carolina, to establish the debt; because, as to that, he is the proper person to defend. After having obtained such a judgment, the complainant would be at liberty to follow the estate in the hands of the defendants, in Georgia. It is not necessary to consider them as executors in their own wrong; for you may proceed against devisees or legatees, if the executor has no assets.
 
 
 10
 Key. If the bill is against the heir, it is not necessary to make the executor a party.
 
 
 11
 MARSHALL, Ch. J. But that is, where the heir is the proper person to defend.
 
 
 12
 Key. It is not necessary to make the executor a party, when we can have no relief against him, 2 Eq. Ca. Ab. 167. But if he ought to be a party, yet it is cause for dismissing the bill.
 
 
 13
 MARSHALL, Ch. J. No doubt of that. The bill might have stood over to make new parties.
 
 March 6.
 
 14
 MARSHALL, Ch. J.
 
 
 15
 The court is of opinion, that the court below erred in admitting the pleas, and dismissing the bill.
 
 
 16
 Judgment reversed.**
 
 
 
 *
 Present, Marshall, Ch. J. Cushing, Paterson and Washington, Justices.
 This cause was called for argument on the 2d of March, but the counsel not having prepared statements of the points for the court, agreeably to the rule, the court refused then to hear it.
 
 
 **
 The decree of reversal was as follows: 'This cause coming on to be heard and considered, and counsel on the part of the appellant being heard, and the bill, pleas, and answers, being read and considered,
 'It is adjudged, ordered and decreed, that the decree of the circuit court be reversed, with costs of this appeal; that the pleas of the defendants be overruled, and that they be ordered and decreed to answer the bill exhibited against them.'