## CARNRICK and another *v.* McKESSON and another.

*(Circuit Court, S. D. New York. July 7, 1881.)*

1. LETTERS PATENT—DEFENCE OF PRIOR PATENTS AND PUBLICATIONS—PLEADING IN EQUITY UNDER REV. ST. § 4920, SUBD. 3.

The defences of a prior patent or previous description in a printed publication, specified in subdivision 3 of section 4920 of the Revised Statutes, must, in a suit in equity, be set up in an answer and not in a technical plea.

*J. A. Whitney,* for plaintiffs.

*F. H. Betts,* for defendants.

BLATCHFORD, C. J. The purport and object of the plea in this case seem to be to put in evidence certain specified patents and publications which the plea alleges existed prior to the original patent sued on, and describe and show inventions and subject-matters embraced and contained in the reissue. These patents and publications are set up in the plea as showing that the reissue is not for the same invention as the original patent, "but embraces and contains" what is found in such prior patents and publications. It does not follow that because what is found in the reissue is found in patents and publications which existed before the date of the original patent, the reissue is not for the same invention as the original, because, equally well, what is found in such patents and publications may be found in the original; and it is not alleged in the plea that what is so found in such prior patents and publications is not found in the original. It is true that the plea says that the reissue contains matter not known to, or invented by, the patentees at the date of the original, and mat-

ter shown in the prior patents and publications, but it does not aver that the matter thus referred to is one and the same matter. So, really, the plea aims to set up the defence specified in subdivision 3, of section 4920, of the Revised Statutes, namely: that the invention was patented or described in a printed publication prior to its supposed invention by the patentees. The clear purport of section 4920 is that such a defence must, in a suit in equity, be set up in an answer, and not by a technical plea. The plea is overruled, with costs to be taxed, but the defendant may answer the bill in 30 days on payment of such costs.