GRAMME ELECTRICAL CO. *v.* ARNOUX & HOCHHAUSEN ELECTRIC CO. and another.

*Circuit Court, S. D. New York.*   August 29, 1883.）

1. PATENTS FOR INVENTIONS—ACT OF 1870—FOREIGN PATENTS—EXPIRATION.
    Under the act of 1870 a patent takes effect from the time when it is granted, and cannot be antedated.   The meaning of section 25 of the act is, that a United States patent shall expire at the same time with the foreign patent having the shortest time to run, which was granted before the United States patent was granted, and not that it shall expire at the same time with the foreign patent having the shortest time to run, which was granted before the time when the application for the United States patent was made.

2. SAME—DURATION—EXPIRATION.
    A capacity of being prolonged so as to have a duration of 15 years is not equivalent to having a term of 15 years, when the patent is granted for one year, and then is prolonged so as to expire at the end of 10 years.

3. SAME—SECRET AUSTRIAN PATENT.
    The question of secrecy or publicity in an Austrian patent cannot, under section 25 of the act of 1870, affect the question of the duration of the foreign patent in this country.

4. SAME—EXPIRATION OF PATENT No. 120,057—MAGNETO-ELECTRIC MACHINE.
    As the foreign patent has expired in this case, patent No. 120,057, granted to Zenobe Theophile Gramme and Eardley Louis Charles D'Ivernois, October 17, 1871, for an improvement in magneto-electric machines no longer continues to exist.

In Equity.

*Solomon J. Gordon*, for plaintiff.

*Charles H. Knox* and *Henry E. Woodward*, for defendants.

BLATCHFORD, Justice. This is a suit in equity, brought for an infringement of letters patent No. 120,057, granted to Zenobe Theophile Gramme and Eardley Louis Charles D'Ivernois, October 17, 1871, for 17 years from that day, for an "improvement in magneto-electric machines." It is set up as a defense, in the answer, that the patentees obtained a patent in Austria, December 30, 1870, for the same invention as is covered by No. 120,057; that the Austrian patent has expired; and that, therefore, No. 120,057 has expired. The Austrian patent, and sundry documents pertaining to it, and the Austrian statute, are in evidence. The patentees took out a patent in France for the same invention, for 15 years, on the twenty-second of November, 1869. On the thirtieth of May, 1870, they made oath in Paris, France, to their application for No. 120,057. The application and the oath recited the date and the term of the French patent. The application was filed in the United States patent-office, August 17, 1870, with a specification, drawings, and model, and the proper fee was paid. On the third of October, 1870, they filed in Austria an application, dated September 30, 1870, for a patent for the same invention for the period of one year. On the thirtieth of December, 1870, "an exclusive patent" was issued to them in Austria "for the duration of one year" for the invention, "under all conditions and with all effects stated in the supreme patent law of August 15, 1852." An amended oath to the United States application was sworn to by the patentees at Paris, June 26, 1871, and filed in the patent-office July 12, 1871. It referred to the French patent, and stated its date and term, but it did not mention the Austrian patent. The final fee for No. 120,057 was paid October 2, 1871. The Austrian patent was extended nine times, year by year, each extension being for one year, and till December 30th in each year, and it finally expired December 30, 1880. The bill in this suit was filed in July, 1881. It is agreed that the Austrian patent applied for and granted was for the same invention that is claimed in No. 120,057.

The Austrian patent law of August 15, 1852, requires that the applicant for a patent shall state in his petition the number of years for which he demands a patent, which number cannot exceed 15, except by special grant of the crown. The tax must be paid in advance, and is in proportion to the duration of the privilege. The exclusive privilege secures to the patentee the exclusive use of his invention "for the number of years mentioned in his privilege." A patentee whose privilege has been granted for a short period may claim its prolongation for one or more years during the fixed longest period, provided he demands such a prolongation before the privilege has become extinct, and pays in advance the tax for the required term of prolongation.

No. 120,057 was granted under the provisions of the act of July 8, 1870, (16 St. at Large, 198,) and its validity and duration must be tested by those provisions. By section 22 of that act (p. 201) every patent is to be granted for the term of 17 years. By section 25 (p. 201) it is provided as follows:

"No person shall be debarred from receiving a patent for his invention or discovery, nor shall any patent be declared invalid by reason of its having been first patented or caused to be patented in a foreign country: provided, the same shall not have been introduced into public use in the United States more than two years prior to the application, and that the patent shall expire at the same time with the foreign patent, or, if there be more than one, at the same time with the one having the shortest term; but in no case shall it be in force more than seventeen years."

It is contended for the defendant that, under the foregoing provisions, No. 120,057 expired, either on December 30, 1871, or on December 30, 1880, the date of the expiration of the Austrian patent, accordingly as that patent is to be regarded as a patent for one year or for ten years. To this the plaintiff replies that the application for No. 120,057 was filed before the application for the Austrian patent was filed. But the date of the application for No. 120,057 cannot affect the question. Under the act of 1870 a patent takes effect from the time when it is granted, and cannot be antedated. The meaning of section 25 of the act of 1870 is that the United States patent shall expire at the same time with the foreign patent having the shortest time to run, which was granted before the United States patent was granted, and not that it shall expire at the same with the foreign patent having the shortest time to run, which was granted before the time when the application for the United States patent was made. *Bate Refrigerating Co.* v. *Gillett,* 13 FED. REP. 553.

It is also contended for the plaintiff that the Austrian patent, though granted "for the duration of one year" on its face, was really a patent for 15 years. It might have been prolonged, year by year, or otherwise, for five years beyond December 30, 1880. But it was not prolonged beyond that date, and, at most, it cannot be regarded as a patent which, when granted, had a longer term to run than till December 30, 1880, even if it could be considered as a patent having, when granted, a longer term to run than one year. A capacity of being prolonged so as to have a duration of 15 years, is not equivalent to having a term of 15 years when the patent is granted for one year, and then is prolonged so as to expire at the end of 10 years. At latest, the Austrian patent expired December 30, 1880, and it is not necessary to decide whether the term for which it was granted was or was not a term of only one year.

It is also contended, for the plaintiff, that the Austrian patent was a secret patent, and therefore not a patent, within the meaning of section 25 of the act of 1870. The Austrian statute provides that the petition for a patent must contain a statement whether the in-

vention is to be kept secret or not; that special care is to be taken for the observation of the required secrecy, and due precautions are to be adopted against any possible violation of the secret; and that specifications as to which secrecy is demanded are not open to the public, or for the taking of copies, until the patent is extinct. In the present case the petition for the Austrian patent stated that it was desired that the description be kept secret. But the Austrian statute also provides that an exclusive privilege secures to the patentee the exclusive use of his invention, as laid down in his specification, for the number of years mentioned in his privilege. The Austrian patent in the present case states on its face that it is an exclusive patent, for the duration of one year, for the improvements in question, "in consonance with the description deposited," "under all conditions and with all effects stated in the" Austrian statute. In view of these facts, however far the Austrian patent might have come short of being a prior public foreign patent sufficient to defeat a patent granted here to another inventor for an invention made after the granting of such prior foreign patent, it is not perceived how the question of secrecy or publicity in the foreign patent, granted prior to the granting of the patent here, can affect, under section 25 of the act of 1870, the question of the duration of the patent here. The Austrian patent conferred on the patentees an exclusive privilege. It was the manifest intention of section 25 of the act of 1870 that the exclusive privilege under the patent here should expire with the exclusive privilege granted abroad to the same inventor, having the shortest term. *De Florez* v. *Raynolds*, 17 Blatchf. C. C. 436, 450; [S. C. 8 FED. REP. 434.]

As the Austrian patent expired at the latest on December 30, 1880, and before this suit was brought, and No. 120,057 continued to exist no longer, there was no ground for this suit in equity when it was brought, whatever ground there may have been for a suit at law against these defendants for infringement. *Root* v. *Ry. Co.* 105 U. S. 189.

The novelty of the invention patented is attacked, and it is also contended that the patent is invalid because it was issued for the term of 17 years and not for a shorter term. But the consideration of these questions is unnecessary, and the bill is dismissed, with costs.