POHL et al. v. HEYMAN.

SAME v. F. & M. SCHAEFER BREWING CO.

(Circuit Court, S. D. New York. November 20, 1893.)

PATENTS FOR INVENTIONS—EXPIRATION—LAPSE OF FOREIGN PATENT.

The lapsing of an Austrian patent before its full term of 15 years, because of failure to pay the annual tax, does not cause a United States patent for the same invention to expire at that time. Pohl v. Brewing Co., 10 Sup. Ct. Rep. 577, 134 U. S. 381, followed.

In Equity. These were two suits brought by Carl Pohl and Charles Zoller against Nathan H. Heyman and the F. & M. Schaefer Brewing Company for infringement of a patent. Heard on pleas to the jurisdiction. Pleas overruled.

Joseph M. Deuel, for complainants.
Witter & Kenyon, for defendants.

TOWNSEND, District Judge. These are two suits for infringement of letters patent of the United States, No. 213,447, granted March 18, 1879, to Carl Pohl. Defendants plead to the jurisdiction of the court, alleging that the patentee obtained an Austro-Hungarian patent for the same invention on April 19, 1877, for one year, which was prolonged for another term of one year, or until April 19, 1879, when complainants' term expired; that on August 13, 1879, judgment to that effect was duly rendered in the registry of patents in the imperial royal ministry of commerce at Vienna; and that, by reason thereof, said United States patent expired April 19, 1879. It was stipulated that Carpmael's Patent Laws of the World, and a copy of the order of the imperial royal ministry of commerce, and a copy of the letters patent in suit, should be considered as duly proved in the case.

Counsel for the defendants, in his brief, says that the question raised by this plea is whether or not the law of Gramme Electrical Co. v. Arnoux & H. Electric Co., 21 Blatchf. 450, 17 Fed. Rep. 838, is still the law of this circuit. He claims that that case has never been overruled, and that the only decision to the contrary is contained in an obiter dictum in Roller-Mill Co. v. Walker, 43 Fed. Rep. 575. The precise point raised here was raised in said cases. In the latter case the court rendered a decision, on other grounds, for the defendants, and afterwards wrote a further opinion, ruling the point in question for the plaintiffs, in order that it might be taken to the supreme court of the United States. The decision of the supreme court, on the appeal, was put upon other grounds, and no reference was therein made to this particular question. The question, therefore, has been considered, and will be discussed, independently of the opinion in Roller-Mill Co. v. Walker, although such independent consideration has led to the same result.

The order referred to, of the imperial royal ministry of commerce, states that "the longest duration of all privileges granted, without any distinction, is fixed at fifteen years, which longest duration runs uninterruptedly, in so far as the patentee fulfills the conditions mentioned, and that the original duration of fifteen years is due, without any exception, to each Austrian patent which has been granted according to the imperial patent of the 15th August, 1852;" also, in substance, that the patentee need only pay in advance for one year, and that reference to one or more years in a patent has the exclusive purpose to designate that the patent annuity has been paid in advance for one or more years; that the patent is really granted for 15 years, and such payment only prevents its termination before the expiration of the term by reason of the failure to pay the tax; that, to avoid erroneous interpretations in foreign countries, a new form of Austrian patents was adopted in July, 1884, which removes any doubt as to what was the duration of the Austrian patent.

By the terms of said Austro-Hungarian patent, there was granted to Carl Pohl an exclusive privilege for the term of one year, under all conditions and with all operations mentioned in the most high patent of August 15, 1852. The single question raised on the pleadings is whether the United States patent terminated with the expiration of the Austro-Hungarian patent, 32 days after the United States patent was issued. In Bate Refrigerating Co. v. Hammond Co., 129 U. S. 151, 9 Sup. Ct. Rep. 225, it was held that when a foreign patent is granted for a short term, which the patentee as matter of right may have renewed by further payments, and such short term is renewed, the United States patent is not terminated by the expiration of the short term, but that the term of the foreign patent includes such renewals. In Pohl v. Brewing Co., 134 U. S. 381, 10 Sup. Ct. Rep. 577, which was a suit on the patent now in question, defendant pleaded that a German patent granted to the complainants, of September 6, 1877, for 15 years, for the same invention, by reason of the failure of complainants to pay annuities and work the patent, became forfeited in 1880, and the term thereof expired. The court said:

"There is nothing in the statute which admits of the view that the duration of the United States patent is to be limited by anything but the duration of the legal term of the foreign patent in force at the time of issuing the United States patent, or that it is to be limited by any lapsing or forfeiture of any portion of the term of such foreign patent by means of the operation of a condition subsequent, according to the foreign statute. In saying that 'every patent granted for an invention which has been previously patented in a foreign country shall be so limited as to expire at the same time with the foreign patent,' the statute manifestly assumes that the patent previously granted in a foreign country is one granted for a definite term; and its meaning is that the United States patent shall be so limited as to expire at the same time with such term of the foreign patent."

This seems to mean that the term of the United States patent shall be dependent upon something which is fixed and definite in the foreign patent and laws, and shall not be subject to be terminated by the occurrence or nonoccurrence of certain facts which would require extraneous proof. Bate Refrigerating Co. v. Hammond Co. establishes, I think, that the term of the Austro-Hungarian patent was 15 years at the time the United States patent was granted, and I think that Pohl v. Brewing Co. indicates that the term of the United States patent could not be shortened by failure to pay the tax on the Austro-Hungarian patent.

The difference between a patent for 15 years, liable to be terminated by the nonpayment of the annual tax, and a patent for 1 year, which will be continued for 15 years if the annual tax is paid, seems to me to be a difference of form, and not of substance.

Complainants insist that the construction of the Austrian patent laws which appears in the order of the imperial royal ministry of commerce in Vienna is binding upon this court. The defendants insist that the court is bound to examine into the foreign law itself, and to hold to the contrary of any exposition that is apart from facts. Even if defendants are right in this claim, after having carefully examined the foreign statute, I must hold that the

exposition of it given by the order of the minister of commerce is correct. It seems to me that Gramme Electrical Co. v. Arnoux & H. Electric Co., supra, has been overruled by Bate Refrigerating Co. v. Hammond Co. and Pohl v. Brewing Co., supra.

The pleas of the defendants are overruled, with costs.