### ARROTT v. STANDARD SANITARY MFG. CO.[1]

(Circuit Court, W. D. Pennsylvania. February 7, 1902.)

No. 16.

PATENTS—PRIOR INVENTION—PLEADING—PLEA.

   A defense of prior invention and use in a suit in equity for the infringement of a patent, which, under Rev. St. § 4920, subd. 3, is provable on notice in writing in the answer, cannot be raised by plea.

In Equity  Sur motion to strike off plea.

Christy & Christy, for plaintiff.
Connelly Bros. and Lyon, McKee & Mitchell, for defendant.

ACHESON, Circuit Judge. Every defense which may be a full answer to the merits of a bill in equity is not, of course, to be considered as entitled to be brought forward by way of plea. Story, Eq. Pl. § 652. The true end of a plea is to save the parties the expense of the examination of the witnesses at large, and the defense proper for a plea is such as reduces the cause, or some part of it, to a single point. Id. This is a suit in equity for the infringement of a patent, and the bill is in the usual form. The defendant has filed a plea setting up the prior invention and use by one Marschutz of the thing patented by the plaintiff. This is one of the defenses which by the provisions of section 4920, Rev. St., is provable in an action at law under the general issue upon notice in writing, and in a suit in equity upon like notice in the answer. Now, in Carnrick v. McKesson (C. C.) 8 Fed. 807, Judge Blatchford held that the defense of a prior patent or previous description in a printed publication specified in subdivision 3 of section 4920 must, in a suit in equity, be set up in an answer, and not by a technical plea. This conclusion is based upon a reasonable construction of section 4920. I do not find that the authority of the case has been shaken by later decisions. Again, in Sharp v. Reissner (C. C.) 9 Fed. 445, it was

---

[1] Pleading in infringement suits, see note to Caldwell v. Powell, 19 C. C. A. 595.

held by Judge Blatchford, and in Korn v. Weibusch (C. C.) 33 Fed. 50, it was held by Judge Coxe, that in a suit in equity the question of infringement cannot be determined upon a plea. In Knox Rock-Blasting Co. v. Rairdon Stone Co. (C. C.) 87 Fed. 969, Judge Severens declared that a plea to a bill in equity for infringement of a patent is inappropriate, unless in very special circumstances. In 3 Rob. Pat. § 1112, it is said that, "while such special matters as the departure of a reissued patent from its original may form the subject of a plea, defenses which attack the patentability of the invention, or the fact of infringement, or other principal averment of the bill, can be set up only in the answer." The text of this writer, I think, is sustained by the clear weight of authority. In the cases cited by the defendant the circumstances were special, or new matters were set up in defense. Thus, in Edison Electric Light Co. v. United States Electric Lighting Co. (C. C.) 35 Fed. 134, the plea alleged that the plaintiff's patent had expired before the suit was brought, by reason of the expiration of a previously granted foreign patent for the same invention. And in the case of Westervelt v. Library Bureau, 114 Fed. ——, before Judge Colt, special reasons for filing the plea were shown. To sanction such pleas as the one before the court would lead to the trial of patent causes by piecemeal. Should issue be taken on this plea, and determined adversely to the defendant, no doubt the question of the alleged prior invention and use by Marschutz would be conclusively settled against the defendant; but, in its answer over, the defendant might set up all other defenses on the merits, including other anticipations. Such a practice would be intolerable.

Unless the defendant shall file within 10 days a stipulation agreeing that this plea shall stand for an answer, an order will be entered striking off the plea, with leave to the defendant to answer the bill within 30 days.