## GLUCOSE SUGAR REFINING CO. v. DOUGLASS & CO.

(Circuit Court, N. D. Iowa, Cedar Rapids Division. July 6, 1906.)

### No. 35.

PATENTS—SUIT FOR INFRINGEMENT—PLEA.

In a suit in equity for infringement of a patent, a plea which sets up the single defense of noninfringement is not a good plea, such defense being one which should be taken by answer, and the plea will either be stricken out or ordered to stand as an answer, as in the judgment of the court will best subserve the ends of justice.

[Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Patents, § 521.]

In Equity. On motion to strike defendant's plea from the files.

Robert H. Parkinson, for complainant.
Chas. A. Clark & Son, for defendant.

REED, District Judge. This suit was commenced March 30, 1905, charging infringement by defendant of letters patent No. 541,941, issued to Ansel Moffatt July 2, 1895, as the original and first inventor of an improvement in the process of making lump starch, which patent,

with all rights thereunder, it is alleged had been duly assigned to the complainant. The defendant demurred to the bill, which was overruled December 21, 1905, with leave to answer by the February rules. Instead of answering, the defendant files a plea to the bill, which in substance alleges: That in November, 1903, one Edward Gudeman, a citizen of the United States, became and was the original and first inventor of a process of making lump starch; that on May 2, 1905, letters patent of the United States No. 789,127 were issued to him therefor, and on the same day were duly assigned by said Gudeman to the defendant; that defendant is and has been manufacturing starch under said invention only; that said process is radically different from the alleged process and invention set forth in the bill of complaint, the particulars of the difference being specifically set forth in the plea, and is in no manner an infringement of the same.

The complainant moves to strike this plea from the files, or that it be set down as an answer to the bill for the reasons: (1) That it is filed in disregard of the order of the court that defendant answer the bill; and (2) that it is not a proper plea, but is an answer denying the infringement of complainant's patent. If it is true that the process by which defendant manufactures starch is substantially different from the complainant's process, then it is not an infringement thereof; and the fact that it is covered by the Gudeman patent, which is later than complainant's is wholly immaterial, for that would not bar the plaintiff's suit. The plea, therefore, is but a denial of the infringement of complainant's patent. Pleas in equity are of three classes: (1) To the jurisdiction of the court; (2) in abatement of the suit; and (3) in bar of the bill; and all pleas must fall within one of these classes. 1 Bates, Fed. Eq. § 221. Pleas in bar, considered with reference to their form, are of three kinds, viz. (1) affirmative, (2) negative, and (3) anomalous. 1 Bates, Fed. Eq. § 228. It was formerly a question of some difficulty to determine whether or not a purely negative plea in equity was legitimate, though it now seems to be so considered in some instances, as where the title of the complainant or his right to maintain the suit is denied. Story's Eq. Pl. § 668; 1 Bates, Fed. Eq. § 228 (2). But a mere denial of a substantive fact alleged in the bill as grounds for relief, is not proper as a plea. In Sharp v. Reissner (C. C.) 9 Fed. 445, Mr. Justice Blatchford, then circuit judge, held that in a suit for infringement of patent a plea which sets up the single defense of noninfringement is not a good plea, that such defense should be brought forward by answer—citing Milligan v. Milledge, 3 Cranch, 220, 2 L. Ed. 417; Bailey v. Le Roy, 2 Edw. Ch. (N. Y.) 514. See, also, Story's Eq. Pl. § 652, note 2; 2 Daniell, Ch. (5th Ed.) 603, note 4; 1 Bates, Fed. Eq. § 222. The authorities cited by the defendant do not controvert this rule, but go to the question of practice in testing the sufficiency of a plea. No doubt the legal sufficiency of matters properly alleged in a plea is to be determined by setting the plea down for argument, which admits the facts alleged to be true; or, if the facts are not admitted, by taking issue upon the plea to determine their truth. This rule, however, is not applicable where the matters alleged in the plea are not proper

to be so brought forward. In such case the plea may be stricken out on motion, or set down as an answer to the bill. Rhode Island v. Massachusetts, 14 Pet. 210–257, 10 L. Ed. 423; Sharp v. Reissner (C. C.) 9 Fed. 445; Newton v. Thayer, 17 Pick. (Mass.) 129. If this plea should be set down for argument, it would be admitted that the process by which defendant manufactures starch is radically different from that described in complainant's patent, and that such manufacture was not therefore an infringement of that patent. If issue should be taken upon the same, then it would also be admitted that if the facts alleged were found to be true they would constitute a bar to the suit, and whether or not they are true would involve an examination at large of complainant's and defendant's process of manufacture, and thus the whole merit of the bill would be involved. Under the older practice, if the facts alleged were found to be true, the bill would be dismissed as of course, regardless of its merits. Story's Eq. Pl. § 697; Hughes v. Blake, 6 Wheat. 453–472, 5 L. Ed. 303; Farley v. Kittson, 120 U. S. 303–314, 7 Sup. Ct. 534, 30 L. Ed. 684.

It is the strict and technical character of these rules of chancery pleading, and the danger of injustice often arising from them, that gave rise to the equitable discretion generally exercised by the court of chancery in relation to pleas. In many cases where they are not overruled, the courts will not permit them to have the full effect of a plea; but will save to the defendant the benefit of it at the hearing; and in others will order it to stand as an answer, as in the judgment of the court will best subserve the purpose of justice. Story's Eq. Pl. §§ 697–699; Rhode Island v. Massachusetts, 14 Pet. 210–257, 10 L. Ed. 423. Equity rule No. 33 provides that: "If upon an issue the facts stated in the plea be determined for defendant, they shall avail him as far as in law and equity they ought to avail him." This seems to be but declaratory of the practice of the court of chancery as stated in Rhode Island v. Massachusetts, supra, to exercise its discretion in the matter of pleas. If issue were taken upon this plea, and it was not determined for defendant, then under equity rules Nos. 34 and 39 it would have the right to answer, and again bring forward the defense of noninfringement, and thus the whole matter of the bill would be subject to re-examination.

It will best subserve the purposes of justice to strike out the plea, with leave to defendant to answer by the August rules, and it is so ordered.