AMERICAN SULPHITE PULP CO. v. BAYLESS PULP & PAPER CO.

(Circuit Court, M. D. Pennsylvania. June 6, 1908.)

No. 36, December Term, 1907.

1. PATENTS—SUIT FOR INFRINGEMENT—EQUITY PRACTICE—PLEA.
    It is the office of a plea in equity to present some one single and well-defined ground of defense, which, if sustained, will dispose of the case and avoid the expense and delay of a hearing; and in a suit for infringement of a patent the defense of noninfringement cannot properly be presented

by a plea, at least where it involves a consideration of evidence extrinsic to the patent itself.

**2. SAME—MOTION TO STRIKE OFF.**

That a plea is bad, as in effect setting up the noninfringement of the patent in suit, a defense which is to be made by answer and not by plea, is not a defect of form, to be taken advantage of by motion to strike off, but of substance, to be disposed of by setting the plea down for argument, which takes the place of a demurrer.

In Equity. On motion to strike off plea.

F. T. Benner, for the motion.
Henry Schreiter, opposed.

ARCHBALD, District Judge. "The cautious practitioner," says Mr. Foster (1 Foster's Fed. Pract. § 143), "will act wisely in eschewing the use of pleas, unless he desires to plead matter in abatement, or in extraordinary cases; for it is as true now as in the time of Beames [Beames on Pleas, 61] that the subject of pleas in equity is one 'concerning which so much remains to be elucidated, that it may be said of them, maxima pars eorum quae scimus est, minima eorum quae ignoramus.'" Something of the same kind no doubt was also in the mind of Vice Chancellor Kindersley when he declared in Hanby v. Richardson: "A plea is a very perilous experiment, and is generally unsuccessful." It is in effect a special answer, setting up some one thing why the suit should be dismissed or barred. Story's Equity Pleadings, § 649. 16 Encycl. Plead. & Pract. 588. And, as this, according to the present equity practice can as well be done by the ordinary general answer, the tendency of the profession is to avoid and of the courts to discourage the use of it. It must be recognized, however, that there are still some occasions when a plea is a convenient and appropriate means for disposing of a case on some one single and well-defined ground, doing away, if sustained, with the expense and delay of a hearing. It is resorted to in the present instance, because, as it is claimed, on the face of it the defendants' structure is not the structure of the patent, but the structure which is there disclaimed. This presents, as it is said, a single and narrow issue which, if made good, dispenses with the necessity for an extended inquiry into the validity of the patent and the defendants' alleged infringement of it which would otherwise follow. Whether, under any circumstances, a plea of this character would be justified, it is not necessary to decide. It would not ordinarily, almost every patent requiring the aid of extraneous evidence to construe it, and fix its place in the current art, as well as to determine whether or not the defendants' device infringes upon it. And it certainly would not be here, for proof of which we need go no further than the plea itself; for, not content with taking the patent as it stands, and resting on the terms of the disclaimer which there appears, in order to reinforce the contention as to the construction to be given to it, the defendants not only set up generally the existence prior to the patent of pulp digesters, continuously covered or lined with adhesive, cementitious, acid-resisting material, but particularly assert that this form of continuous lining is to be found in letters patent issued in 1883 by the Republic of France to one Maurice

Emile Pierredon, a reproduction of the drawings and an extract from the specifications of which, translated into English, is set out in the plea. Moreover, to further distinguish the defendants' digesters, and show that they do not come within the terms of the patent, it is also averred that in a suit brought in the Circuit Court of the United States for the Northern District of New York by one Romedius Panzl against the Battle Island Paper Co. (132 Fed. 607), it was adjudged on final hearing that the acid-proof composition which the defendants use to lay up the brick lining of their digesters, and which is covered by the patent granted to the said Romedius Panzl, was not known in the art at the time of or prior to the patent in suit, but was an independent and distinct invention of which he the said Romedius Panzl was the original and first inventor, which decision the Court of Appeals of that circuit afterwards affirmed. 138 Fed. 48, 70 C. C. A. 474.

It is suggested by counsel that this part of the plea may be stricken out, but there is no formal motion to do so, and I do not see my way, therefore, to altogether disregard it. But it matters little whether it is regarded or not, as it does not change the character of the plea, which is bad as this analysis shows, either with or without it. The defense which is set up in it, as is plain, is nothing more nor less than the usual one of noninfringement put perhaps in a somewhat novel and unusual form, but none the less such because of being so disguised; which by all the authorities must be set up by answer, and not by plea. Sharp v. Reissner (C. C.) 9 Fed. 445; Hubbell v. De Land (C. C.) 14 Fed. 471; Jones v. Berger (C. C.) 58 Fed. 1006; Union Switch Co. v. Phila. & Reading R. R. (C. C.) 69 Fed. 833; Arrott v. Standard Co. (C. C.) 113 Fed. 389; Glucose Sugar Refining Co v. Douglass (C. C.) 115 Fed. 949. Otherwise, the same defense is open to be made twice, reappearing in the answer after having been overruled in the plea, the very thing which it is the office of a plea to avoid; and this is exemplified in the present instance, for, putting everything else aside, the plea is to be justified if at all on the asserted fact that the defendants' structure is the structure which the patent disclaims. But this, if considered and overruled at this time, will clearly be open to be urged again, and appropriately so, to help make out the claim that the defendants do not infringe—which they, of course, intend to maintain— the same thing being thus put forward, for the same purpose, a second time.

This is not a defect of form, however, to be taken advantage of by motion to strike off (Computing Scale Co. v. Moore [C. C.] 139 Fed. 197), but of substance, to be disposed of by setting the plea down for argument, which takes the place of a demurrer (Burrell v. Hackley [C. C.] 35 Fed. 833; Travers v. Rose, 14 N. J. Eq. 254). But this is not material, as it must in any event be overruled. Union Switch Co. v. Philadelphia & Reading R. R. [C. C.] 69 Fed. 833.

Plea overruled, and defendants required to answer within 30 days.