DUNTLEY MFG. CO. v. KELLER MFG. CO.

(Circuit Court, E. D. Pennsylvania. October 16, 1909.)

No. 291.

PATENTS (§ 310*)—SUIT FOR INFRINGEMENT—PLEADING.

In a suit in equity for infringement of a patent, a plea setting up the defense of prior invention will be stricken off, and such defense left to be taken by answer, at least where other defenses are not waived, but contingently reserved.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 310.*]

In Equity. Suit by the Duntley Manufacturing Company against the Keller Manufacturing Company. On motion to strike off plea. Motion sustained.

Frank P. Prichard, for complainant.

Cyrus N. Anderson, for defendant.

J. B. McPHERSON, District Judge. To this bill, which is in the ordinary form and charges the infringement of a patent that was granted to J. W. Smith on May 11, 1909, the defendant has pleaded that, prior to Smith's pretended invention, two other persons—Wiedemann and Templin—invented the apparatus, and applied for a patent on May 3, 1909; that a divisional application was filed on June 9, 1909; that the claims of the patent to Smith are in interference with the claims of the divisional application; and that the interference proceeding is now pending and undetermined. The complainant's motion to strike off the plea is before the court for decision.

The motion is attacked as improper upon the ground that the legal sufficiency of a plea can only be questioned by setting it down for argument or by taking issue upon it by filing a replication. But the legal sufficiency of this plea, either in form or in substance, is not now in controversy. Its form is in effect conceded to be unexceptionable, and, of course, its substance, if true, is a complete reply to the bill. The precise question raised by the motion is not the sufficiency of the plea, but whether it ought to be considered at all—in other words, whether the defendant should not be required to set up by answer the matter now put forward as a defense. The defendant has not only declined to stipulate that its defense will be confined to the averments of the plea, but has declared that it will avail itself by answer of all the

defenses that may be available. No complaint can be made of this position; but it furnishes a sufficient reason why the court may decline to hear and determine one defense now, while the rest of the defenses are contingently reserved for a second installment. The point has been ruled several times against the contention of the defendant, and I can add nothing to the discussion that may be found in the following cases cited on the complainant's brief: Carnrick v. McKesson (C. C.) 8 Fed. 807; Sharp v. Reissner (C. C.) 9 Fed. 445; Korn v. Wiebusch (C. C.) 33 Fed. 50; Union Switch Co. v. Railway Co. (C. C.) 69 Fed. 833; Chisholm v. Johnson (C. C.) 84 Fed. 384; Knox Co. v. Rairdon Co. (C. C.) 87 Fed. 969; Arrott v. Standard Co. (C. C.) 113 Fed. 389; Thresher v. General Electric Co. (C. C.) 143 Fed. 337; Glucose Co. v. Douglass (C. C.) 145 Fed. 949; American Co. v. Bayless Co. (C. C.) 163 Fed. 843. Four of these cases are in the Third circuit, decided, respectively, by Judges Acheson, Dallas, Bradford, and Archbald.

The plea is stricken off, and the defendant is directed to answer the bill on or before November 15, 1909.