SHARP *v.* REISSNER and others.

*(Circuit Court, S. D. New York.  October 5, 1881.)*

1. LETTERS PATENT—PLEADING.

In a suit for the infringement of a patent, a plea which sets up the single defence of non-infringement will be stricken out on motion.

*Briesen & Betts,* for plaintiff.

*W. H. L. Lee,* for defendants.

BLATCHFORD, C. J.   The bill in this case is brought for the infringement of a patent. The bill alleges that the defendants, without the license of the plaintiff, and in violation of his rights, and in infringement of the patent, did "make, construct, use, and vend to others to be used, the said invention, and did make, construct, use, and vend to others to be used, hydrocarbon stoves made according to, and employing and containing, said invention," and "have made and sold, and caused to be made and sold, large quantities of said hydrocarbon stoves." Two of the defendants have put in a plea to the bill, which sets forth "that neither they, nor either of them, have, since the issuing of the letters patent set forth in said bill, ever made, constructed, used, or vended to others to be used, the invention described in said letters patent,  *  *  *  or made, constructed, used, or vended to others to be used, hydrocarbon stoves made according to, and employing and containing, said invention." The plea also denies that the defendants, "or either of them, have ever infringed upon or violated any exclusive right secured by said letters patent in any manner whatever." There is nothing else in

the plea, and there is no answer to the bill or to any part of it. The plaintiff moves that the plea be stricken from the files as improper, or else be ordered to stand as an answer.

The defendants show by affidavits that they are advised and believe that the stoves they have made were not infringements of the patent sued on; that by the advice of their counsel, and for the purpose of avoiding expense to both parties, the single defence of non-infringement was interposed in the form of a plea; that the defendants have other defences which they wish to embody in an answer, should it be necessary for them to answer, the most important of which defences are prior patents anticipating the plaintiff's patent, and also limiting its scope so as to render infringement impossible, and prior knowledge on the part of various individuals; and that to take evidence in regard to all such prior patents and prior knowledge would be very expensive to both parties. The defendants contend that the plea is a proper one; that it was not necessary for the plea to be supported by an answer, even under the old equity practice; that under the equity rules prescribed by the supreme court of the United States, no plea is to be accompanied by an answer, except where fraud or combination is alleged in the bill; and that, even if the plea be defective in form or substance, or if it should have been supported by an answer, the plaintiff has mistaken his remedy.

No authority is cited where a plea like the present one has been put in or allowed in a suit for the infringement of a patent. By equity rule 34, if a plea is overruled, either on an issue of law or an issue of fact in regard to it, the defendant has an absolute right to put in an answer to the bill, or to so much thereof as is covered by the plea. By equity rule 39 a defendant has a right, in all cases, to insist by answer upon all matters of defence (not being matters of abatement, or to the character of the parties, or matters of form) in bar of or to the merits of the bill, of which he may be entitled to avail himself by a plea in bar. If the present plea should be tried on the fact of infringement, and the issue be found for the plaintiff, and the plea be thus overruled, it would seem difficult, under the above rules, to exclude defendant from contesting again, under an answer, the question of infringement, especially as, under the issues raised by an answer, and under the light thrown on the subject by the proofs on the issue on the plea, and under new proofs on the issues on the answer, the question of infringement might be presented in a very different light from that in which it was presented on the trial of the issue on the plea, and in one much more favorable to the

defendants. Indeed, the defendants' affidavit on this motion states that they will desire, by answer, to put in prior patents, to limit the scope of the plaintiff's patent, so as to render infringement impossible. It is difficult to see how they are to be prevented from doing this by answer, after the overruling of their plea. The question of the infringement of a patent depends very much on the construction of its claims, and that depends very much on prior patents on the same subject. If such prior patents are to be put in, they ought to be set up in an answer, and be put in once for all, and the issue of infringement ought to be tried but once, and under an answer, and not under a plea. The defendants think they will succeed on the question of infringement; but the plaintiff thinks otherwise. If the defendants succeed, expense will have been saved by having no other issue but that on the plea. But if the plaintiff succeeds on the plea, he must, to realize his success, go through a second litigation on the same question, and no expense will have been saved. The one result is now to be contemplated quite as much as the other. Within the principles laid down in *Rhode Island* v. *Massachusetts*, 14 Pet. 210, it would be unjust to the plaintiff to permit the issue of infringement to be determined on the plea.

Besides this, none of the adjudged cases sanction, in a suit like this, a plea merely of non-infringement, under rules of practice such as those which govern this case. On the contrary, the authorities condemn such a plea. *Bailey* v. *Le Roy*, 2 Edw. Ch. 514; *Black* v. *Black*, 15 Ga. 445; *Milligan* v. *Milledge*, 3 Cranch, 220.

It is only when a plea is unexceptionable in its form and character that it is to be set down for argument, or to be replied to. *Rhode Island* v. *Massachusetts*, 14 Pet. 210, 257. The motion to strike this plea from the files as improper is a correct motion, and must be granted, with leave to the defendants to answer in 30 days, on payment of costs.