LILLIENDAHL and another v. DETWILLER and another.

*(Circuit Court, D. New Jersey. October 17, 1883.)*

PATENTS FOR INVENTIONS—DEMURRER—MULTIFARIOUS BILL.

 Courts encourage single suits upon a number of patents to avoid multiplicity of actions; but in such cases the bill of complaint, in order to be maintained, must allege, and the proofs must show, that the inventions embraced in the several patents are capable of conjoint use, and are so used by the defendants.

On Bill, etc. Demurrer.

*F. C. Lowthorp, Jr.,* and *Edwin H. Brown,* for the demurrer.

*Robert H. Hudspeath, contra.*

NIXON, J. The bill of complaint charges the defendants with the infringement of two letters patent;—one, numbered 159,995, for "improvement in torpedo filling machines," and the other, numbered 167,814, for "improvement in torpedo envelope machines." The defendants have demurred, and for special ground of demurrer allege

that "the bill is multifarious, inasmuch as it sets forth separate and distinct letters patent, for infringement of which suit is brought, but shows no reason for uniting these separate and distinct causes of action in one suit against the defendants." The demurrer is well taken. A bill is not necessarily obnoxious to the charge of multifariousness because the suit is brought upon more than one patent. Courts encourage single suits upon a number of patents to avoid multiplicity of actions; but in such cases the bill of complaint, in order to be maintainable, must allege, and the proofs must show, that the inventions embraced in the several patents are capable of conjoint use, and are so used by the defendants.

The patents in this case relate to the same subject-matter, to-wit, the manufacture of torpedoes. The specifications of both state that the respective inventions appertain to the manufacture of percussion torpedoes, so popular with children as a means of amusement. It may well be that the defendants, in making torpedoes, used the devices of each patent, and, if so, and the bill properly charges the infringement by the conjoint use of both in such manufacture, it is as much for the interest of the defendants as of the complainants that the controversy should be determined in a single suit. But the bill in this case is faulty, inasmuch as the charge is that "the defendants use, employ, and operate the inventions of the complainant in combination or separately, or some material part or portion of the same, in and about the manufacturing and putting up percussion torpedoes, or for the purpose of facilitating such manufacturing or putting up said percussion torpedoes, or have vended and sold, or caused to be vended and sold, percussion torpedoes so manufactured and put up by the employment, operation, use, or aid of such inventions, in combination or separately, or some material part or portion of the same, or have made, sold, constructed, and put in operation, and used the said inventions, or some material part of both, or either of them, or both separately, or in combination, or some material part of the same separately or in combination, containing the said inventions, improvements, and combinations described and claimed in said letters patent." And the prayer is "that the defendants may be compelled to account for their gains and profits, and for the damages suffered by the complainants from the making, vending, and employing by the defendants the said invention described in said letters patent, or either of them, separately or in combination." Under such alternative and disjunctive allegations and prayer, the complainants could support their bill by proving the use of both the patents, or of either of them. But such proofs, I fear, would lead to difficulties, as well in the matter of defense as in the accounting, to which the defendants ought not to be subjected.

The objection is well taken to the bill in its present shape, and the demurrer is sustained.