## PENTLARGE v. PENTLARGE.[1]

*(Circuit Court, E. D. New York. April 7, 1884.)*

EQUITY—PRACTICE—PLEADING—ANSWER—EQUITY RULE 39.

 Plaintiff filed a bill to procure a determination, under section 4918 of the Revised Statutes, of the question of interference between a patent owned by him and a patent owned by the defendant. Defendant interposed a plea, which was overruled by the court. Thereafter, plaintiff, by leave of the court, filed a supplemental bill. Defendant applied to set up, in an answer to the supplemental bill, the same matter as had been set up in the plea which had been overruled. *Held,* that neither equity rule 39, nor the practice of equity courts outside of the equity rules, would allow of the defendant's being permitted to set up in an answer matter which had already, on the plea, been adjudged not. to constitute a defense.

In Equity.

*Preston Stevenson,* for complainant.

*Brodhead, King & Voorhees,* for defendants.

BENEDICT, J. This is an application, made by the defendants, for permission to set up in their answer to a supplemental bill matter heretofore set forth by way of defense in a plea to the original bill, which plea has been, upon argument, overruled upon the merits. The action is instituted by virtue of section 4918 of the Revised Statutes, to procure a determination of the question of interference between a patent owned by the plaintiff and a patent owned by the defendants. In defense a plea was interposed wherein was set up an English patent, prior in date to the plaintiff's patent, and, as it is claimed, for the same invention, which patent, if found to be as claimed by the defendants, would show the plaintiff's patent to be void for want of novelty. This plea, having been set down for argument, was overruled upon the ground that in the proceeding authorized by section 4918 it is not permissible for a defendant to attack the plaintiff's patent for want of novelty in the invention. Thereafter the plaintiff, by leave of the court, filed a supplemental bill in which he sets up, and by virtue of section 4918, prays relief against a patent since the commencement of this suit reissued to the defendants, upon a surrender of the defendants' patent described in the original bill, and in place thereof. Now the defendants apply for permission to set up in their answer to the sup-

[1] Reported by R. D. and Wyllys Benedict, of the New York bar.

plemental bill the same matter set up by them in their plea to the original bill.

The defendants insist that, by virtue of equity rule 39, they, as matter of right, must be granted the permission sought. I do not understand equity rule 39 to confer upon a defendant an absolute right to set up in his answer matter that upon his plea has been held to be no defense to the action. The defendants doubtless had the right to elect whether to set up the matter in question by plea or by answer; but, having elected to set it up by plea, when this matter was determined, upon the argument of this plea, to be insufficient as a defense, that question became *res adjudicata* in this case, (see *Pentlarge* v. *Pentlarge*, 19 FED. REP. 817;) and rule 39 confers upon the defendants no right, by setting up the same matter in their answer, to compel the court to adjudicate the same question a second time. So it was said in *Hubbell* v. *De Land*, 14 FED. REP. 471, and notwithstanding what is said in *Sharp* v. *Reissner*, 20 Blatchf. 10, S. C. 9 FED. REP. 445, that case is not an authority to the contrary. The defendants also claim permission to set up this matter a second time in an answer by virtue of the practice of courts of equity outside the equity rules. But the cases cited furnish no authority for saying that the ordinary practice of courts of equity entitles the defendants to the relief here moved for. When a plea states matter which may be a defense to the bill, though perhaps not proper for a plea, or informally pleaded, it is usual to allow the plea to stand as an answer, (Mitf. & T. Pl. 391,) and in such a case permission may be given to insert such matter in the answer when the plea has, upon argument, been overruled. But when a plea has been overruled, upon argument, because the matter of the plea constitutes no defense to the action, the defendant, if he answers, must make a new defense. Mitf. & T. Pl. 113. Here the application is to be allowed to insert in an answer matter which has already in this case, upon the defendants' own plea, been adjudged not to constitute a defense. I have not been able to find any authority supporting such an application, and I know of no reason why it should be granted.