KORN *v.* WIEBUSCH and others.

(*Circuit Court, S. D. New York.*  December 19, 1887.)

PATENTS FOR INVENTIONS—INFRINGEMENT—PLEADING.

In an action for the infringement of a patent, the question of infringement cannot be determined upon a plea.  It is not the province of a plea to interpose defenses which go to the merits, and relate in nowise to matters in abatement or in bar.  Such defenses must be raised by answer.

Plea in Equity.

This is an action for the infringement of letters patent No. 247,766, granted to the complainant October 4, 1881, for an improvement in button-hole cutters.  The object of the inventor was to construct a pair of button-hole scissors, with the screw-shaft and nut, which fix the definite play of the arms of the scissors, located between the arms.  One end of the screw-shaft is firmly attached to one arm of the scissors; the other end fits into a funnel-shaped hole in the arm opposite, which gives a support to that end of the shaft.  The claim is as follows:

"As an article of manufacture, a button-hole cutter, having the screw-shaft, D, securely fastened to one arm of the cutter at one end, and the other end resting in a conical recess in the other arm of the cutter, the nut, C, working on the shaft, D, between the two arms, all constructed and arranged substantially as and for the purpose described."

The application as first filed was rejected upon reference to two prior patents, the examiner holding that the change was a "mere work-shop expedient" not involving invention.  The complainant then changed the claim to its present form, and forwarded the amendment to the commissioner, with a letter in which he thus distinguishes his invention from the examiner's references:

"The construction in applicant's case is different.  One end of the screw-shaft is securely fastened to the inside of one arm, and the other end rests in a conical recess in the other arm, and forms a support for this end, and the nut works on this screw shaft, and forms the seat fixing the limit of the cut of the cutter; and the entire length of the screw-shaft is between the external sides of the arms of the cutter, thus making the cutter more compact and less cumbersome."

The bill is in the usual form. The defendants have filed a plea, alleging the above facts, and insisting that they do not infringe the patent, for the reason that the only adjustable button-hole scissors made, used, or sold by them do not contain the "conical recess in the other arm of the cutter," or any equivalent therefor. A pair of the defendants' scissors is annexed to and made a part of the plea. They show a screw-shaft attached to one of the arms, but neither the screw-shaft, nor the nut which works upon it, enters a hole in the opposite arm, for the reason that there is no hole there of any kind. It is argued for the defendants that the only construction which can be given the patent excludes their device, and that the complainant is concluded from urging any broader or different construction, by reason of the proceedings in the patent-office, and the language employed by him in the description and claim. The complainant set the plea down for argument.

*Paul H. Bate,* for complainant.

*Arthur v. Briesen,* for defendants.

COXE, J. By setting the plea down for argument the complainant tests its sufficiency, and, in effect, demurs to it. *Myers* v. *Dorr,* 13 Blatchf. 22; *Cottle* v. *Krementz,* 25 Fed. Rep. 494; *Newton* v. *Thayer,* 17 Pick. 129; Walk. Pat. § 590; Daniell, Ch. (5th Ed.) 692; Story, Eq. Pl. (9th Ed.) § 697; Mitf. & T. Eq. Pl. 389. The issue tendered by the plea is whether or not the defendants infringe the claim of the patent construed in connection with the specification, the file wrapper, and contents, and in the light of the prior art. This is the controversy which usually arises when the defendant denies that he makes, uses, or vends the patented device. In other words, the defendants seek to try the question of infringement upon a plea. It is clear that there is no authority for such practice. If the question were now considered by the court, and decided against the defendants, they could allege the same defense in their answer and try the entire issue again. It is not the province of a plea to interpose defenses which go to the merits and relate in nowise to matters in abatement or in bar. Such defenses should properly be raised by answer. *Sharp* v. *Reissner,* 9 Fed. Rep. 445; *Rhode Island* v. *Massachusetts,* 14 Pet. 210.

The defendants cite in support of their plea, *Hubbell* v. *De Land,* 14 Fed. Rep. 471; but in that case the court, at page 474, says: "Argument can hardly be needed to show that the question of the infringement of a patent is not the proper subject of a special plea." In the case at bar, where the device is a simple one, and the issues are sharply defined and easily understood, it is possible that the question of infringement might be satisfactorily determined in this manner with a saving of expense to all parties concerned. But a decision once made to this effect will be "recorded for a precedent," which may be invoked in every action of infringement, and thus tend to unsettle and confuse what is now plain and simple.

The plea is overruled, the defendants to answer in 20 days.