LEATHERBEE et al. v. BROWN.

(Circuit Court, D. Massachusetts. September 16, 1895.)

No. 617.

PATENTS—INFRINGEMENT SUITS—PLEA IN EQUITY.

A plea to a bill for infringement alleged that defendant never made, used, or sold any article embodying the patented invention, and that the alleged infringement was committed, if at all, solely by a foreign corporation of which he was treasurer. *Held*, that the plea was not bad as tendering two issues, but should be construed as raising the single question whether a bill would lie against defendant personally for an infringement committed, if at all, by a foreign corporation of which he was an officer.

This was a bill in equity by James D. Leatherbee and others against M. W. Brown for alleged infringement of a patent. Com-

plainants moved to strike from the files a plea filed by the defendant.

James E. Maynadier, for complainants.
Edward S. Beach, for defendant.

COLT, Circuit Judge. This is a bill in equity, charging the defendant with infringement of complainants' patent, and praying for an injunction and an account of profits and damages. The defendant has filed a plea setting up that he never made, used, or sold, or caused to be made, used, or sold, any telephone receiver embodying the invention of the patent in suit, and that the alleged infringement complained of was committed, if committed at all, solely by the Thompson-Brown Electric Company, a corporation organized and existing under the laws of the state of New York, of which he is treasurer. The present hearing was had on complainants' motion to strike the plea from the files on the ground that it tenders two issues—First, that the defendant has not infringed; and, second, that the foreign corporation of which the defendant is treasurer has infringed, if any infringement has been committed.

The counsel for complainants contends that if he sets the plea down for argument it is an admission of noninfringement, because he admits the truth of the facts alleged in the plea, and, if he joins issue on the plea, the proofs must necessarily be the same as if the defendant had filed his answer, denying infringement. In his brief he states his position as follows:

"It is submitted that the plea in the case at bar must be stricken from the files, for the reason that the complainant cannot set it down for argument without admitting that defendant has never made, used, or sold, or caused to be made, used, or sold, any article embodying the invention of the patent in suit, and also admitting that the alleged infringement, if any, was committed by a foreign corporation, and that defendant was not a joint tort feasor with that corporation. But these are facts which cannot be admitted, and which complainant should not be compelled to try twice—First, by joining issue on the plea, and proving the falsity of the alleged facts in that issue; and thereafter proving their falsity on final hearing on bill, answer, replication, and proofs."

The construction of the plea by complainants' counsel seems to me to be wrong. Considered as a whole, the plea was intended to raise, and, in my opinion, does raise, a single question,—whether a bill in equity for the infringement of a patent can be brought against the defendant personally for an infringement committed, if committed at all, by a foreign corporation of which he is an officer. The complainants' counsel admits that if the plea had only alleged that the acts complained of were committed by the defendant solely as an officer of the Thompson-Brown Electric Company, and not otherwise, he would offer no objection; and the defendant's counsel admits that this is the only question raised by the plea. Upon the facts brought out at the hearing on motion for preliminary injunction, it is clear that this is the real question which both parties wish to have raised and determined.

It is true, as contended by the counsel for complainants, that the

naked question of infringement cannot be raised by plea. Sharp v. Reissner 9 Fed. 445; Korn v. Wiebusch, 33 Fed. 50. It is also equally true that where the infringement complained of has not been committed by the defendant, but by another person, this issue may be tendered by plea. Boston Woven Hose Co. v. Star Rubber Co., 40 Fed. 167; Linotype Co. v. Ridder, 65 Fed. 853.

Upon a proper construction of the plea, considered as a whole, and which agrees with what defendant's counsel says it means, and with what complainants' counsel declares would be a proper plea, I must deny the motion to strike the plea from the files. Motion denied.