## UNION SWITCH & SIGNAL CO. v. PHILADELPHIA & R. R. CO. et al.

(Circuit Court, E. D. Pennsylvania.    September 25, 1895.)

### No. 66.

1. PATENT INFRINGEMENT SUITS — PARTIES DEFENDANT — RAILROAD COMPANY AND ITS RECEIVERS.

A railroad company and its receivers may be joined as defendants in a bill for infringement of a patent. Infringements committed by the receivers inure to the benefit of the corporation itself, and are to be viewed merely as a continuance of infringements alleged to have been committed by the corporation.

2. SAME—MULTIFARIOUS BILL.

A bill which claims upon several patents, covering several inventions, which are incapable of being unitedly used, or which are separately used by defendant, is multifarious.

3. SAME—PLEAS.

Where a bill claims under several separate patents, alleging that the subject-matter of each is conjointly used by defendants in one and the same connected machine, mechanism, or apparatus, the defendants cannot take issue upon this averment by means of a plea, but the same should be averred by answer.

4. EQUITY PLEADING—MOTION TO STRIKE PLEAS FROM FILES.

The question whether defendant may set up a certain defense by means of a plea may be determined by the court upon a motion to strike the plea from the files, where this question has been discussed on its merits in the briefs, although it is claimed that the proper practice would have been to set the pleas down for argument.

This was a bill by the Union Switch & Signal Company against the Philadelphia & Reading Railroad Company and its receivers for alleged infringement of five patents relating to apparatus for electric railway signaling. A demurrer to the bill on the ground of multifariousness was heretofore sustained by the court. 68 Fed. 913. Thereafter an amendment was allowed, and the order sustaining the demurrer was vacated, and an order entered overruling the same. Id. 914. Defendants thereafter filed certain pleas, which complainants have moved to strike from the files.

George H. Christy and J. Snowden Bell, for complainants.
Witter & Kenyon and Thomas Hart, Jr., for respondents.

DALLAS, Circuit Judge.    This suit is brought upon five patents. The bill, as originally filed, alleged:

"That the things patented in and by said recited patents constitute and are important elements of a railway electrical signaling apparatus, and are so nearly allied in character as to be capable of conjoint as well as separate use, and that they are and have been so used by the defendants."

Notwithstanding this allegation, the bill was demurred to, upon the ground, among others:

"That it nowhere in said bill of complaint appears, nor is it alleged, that the improvements recited in said patents are all conjointly used or infringed by these defendants, or are all conjointly used or infringed by the defendants in or upon one and the same machine, device, article, or apparatus, or are all capable of conjoint use in or upon one and the same machine, device, article,

or apparatus, but, on the contrary, it appears on the face of the said bill of complaint, and of the aforesaid patents, forming part thereof (profert of each and all of which having been made therein), that the said improvements described and claimed in said several letters patent are of such a diverse nature and character that they are incapable of conjoint use, and cannot be used conjointly, or conjointly in one and the same machine, device, article, or apparatus."

Upon the first argument of this demurrer I understood the learned counsel of the complainants to concede that by "conjoint use," as alleged, was meant, not use in one mechanism, but upon different, though contiguous, parts of the same railroad; and, being of opinion that such uses were separate and distinct, I sustained the demurrer for that reason, and without myself considering what meaning ought to be ascribed to the language of the bill. The other causes assigned for demurrer were not dealt with. It then seemed to be unnecessary to consider them. See 68 Fed. 913. Subsequently the complainants moved to vacate the order made on demurrer as on rehearing, and for leave to amend their bill by adding the following to the clause which has been quoted:

"And your orators in this behalf further aver the fact to be that the conjoint use made by the defendants herein, as herein averred, includes a use of a material and substantial part of the subject-matter of each of the said recited patents in one and the same connected machine, mechanism, or apparatus."

Upon the hearing of these motions this subject was again fully discussed. It was explained to the court that there had been no purpose to admit that the conjoint use alleged did not refer to use in one mechanism; and it is, I think, proper to say that it is quite possible that I had misapprehended the remarks of counsel on the previous argument. Under these circumstances, I treated the order which had been made as founded upon a misunderstanding, and considered the challenged allegation without reference to any supposed admission with respect to its intent. I found that "conjoint use," "joint employment," and similar terms, are constantly applied in the books to denote a use in the same machine or apparatus; and I perceived nothing which would justify the imputation that the pleader in this instance had ascribed to the words "conjoint use" a possible, but different and irrelevant, significance, and designed to "palter with us in a double sense." Therefore the allegation as originally made appeared to be sufficient, and it seemed to be the plain duty of the court to vacate the order first made, and to overrule the demurrer, and this was accordingly done. The amendment was allowed. It could do no harm, and it put an end to any shadow of doubt as to the character of the joint use alleged. The two remaining causes of demurrer were not argued upon this second occasion, and were not referred to in the brief opinion which I thereafter filed; but the order overruling the demurrer generally of course disposed of them also. I was and am of opinion that the railroad company and the receivers are so related as to warrant their joinder as defendants; that the infringements alleged against the latter should be viewed as merely a continuance of those alleged to have been

committed by the former; and that, inasmuch as the corporation is benefited by any unlawful use of the inventions by the direction of its receivers, a single bill against both could be upheld without hardship to either; and that, therefore, this bill ought to be sustained, for the avoidance of needless expense, and of the unnecessary repetition of what would be substantially the same litigation. A bill is multifarious where it unites "the demand of several matters of a distinct and independent nature against several defendants"; and such a bill is inhibited as "oppressive, because it would tend to load each defendant with an unnecessary burden of costs by swelling the pleadings with the statement of the several claims of [against] the other defendants, with which he has no connection." Story, Eq. Pl. § 271. Upon this statement of the rule, with the reason on which it rests, it is, I think, manifest that the present case did not call for its application. My reading of the bill satisfied me that it is not fairly subject to the other objection made to it. It is not "vague, uncertain, and indefinite," etc. See 68 Fed. 914.

The defendants (the corporation and its receivers, separately) have now filed a plea by which they seek to raise as an issue of fact the question which was mainly discussed and considered upon the demurrer. This plea sets forth that the defendants cannot and do not embody the several alleged inventions and improvements described and claimed in the said several letters patent, or any two or more of them, conjointly in one and the same machine, mechanism, or apparatus, and cannot and do not conjointly use them, or any material and substantial parts thereof, in one and the same connected machine, mechanism, or apparatus. The complainants move to strike off this plea, and in support of that motion assign several grounds which need not be here separately stated. There can be no doubt that a bill which claims upon several patents covering several inventions which are incapable of being unitedly used, or which are separately used by the defendants, is multifarious. It has been repeatedly decided that a bill which, in such a case as this, omits to allege joint use, is demurrable. Hayes v. Dayton, 8 Fed. 702; Shickle v. Foundry Co., 22 Fed. 105; Telegraph Co. v. Chillicothe, 7 Fed. 351; Barney v. Peck, 16 Fed. 413; Griffith v. Segar, 29 Fed. 707; Lilliendahl v. Detwiller, 18 Fed. 176. As has been shown, this bill is not subject to such demurrer; but its allegation of conjoint use, being a material and essential one, may, of course, be traversed. But in what manner may this be done? Must it be by answer, or may it be by plea? This is the important question, and it is one upon which, if it were a new one, much, perhaps, might be said in support of its decision either way. The defense set up amounts to a denial that the defendants infringe, as is alleged in the bill,—that is to say, by conjoint use; and, as was urged by counsel in Sharp v. Reissner, 9 Fed. 447, where noninfringement broadly had been pleaded, expense to both parties might be avoided by having the single point first and separately investigated and determined. Yet the learned court there pointed out that the allowance of such a plea might, on the other hand, increase

expense; and held, upon reasoning which is perfectly satisfactory to me, that the plea there interposed was bad, remarking, as may now be remarked, that "no authority is cited where a plea like the present one has been　＊　＊　＊　allowed in a suit·for the infringement of a patent." In the same opinion it is also clearly shown that the question of conjoint use ought not to be decided upon a mere inspection of the several patents sued upon. In Matthews v. Manufacturing Co., 2 Fed. 232, the plea was substantially identical with the present one. The court said: "Undoubtedly, pleas in some cases are allowable in equity which deny merely an allegation of the bill"; but held that the plea before it was not an allowable one, and was "clearly bad in substance." See, also, Korn v. Wiebusch, 33 Fed. 50. I do not doubt that the complainants' allegation of joint use may be traversed by answer, though not by plea; but it is not necessary that I should express any opinion at this time, and must not be assumed to entertain one, upon the question of the effect to be given to the defendants' denial, if made by answer, and supported by the proofs. In Matthews v. Manufacturing Co., supra, it was said: "The plaintiff may recover, even though the plea be true"; while in Lilliendahl v. Detwiller, supra, the court, in its opinion, used this language: "But in such cases the bill of complaint, in order to be maintainable, must allege, and the proofs must show, that the inventions embraced in the several patents are capable of conjoint use, and are so used by the defendants." I call attention to the point which seems to be suggested by these cases, but repeat that I do not now pass upon it. The second plea—filed by the receivers only— is probably inadmissible under the general rule against double pleas, but I do not deem it necessary to consider that point. It is sufficient to say that the bringing of this suit against the receivers, without leave of this court first. had, seems to be authorized by statute. In any case the question is one which should be raised by appropriate motion, and not by plea. If true, the fact alleged is not a defense to the bill. It goes to the right to bring even a maintainable suit. The suggestion that the complainants should have set down these pleas for argument, instead of moving to strike them off, relates to matter· of form, and not of substance. The real question' involved has been discussed in the briefs submitted, and I am not disposed to delay its decision upon an immaterial point of practice. In Sharp v. Reissner, supra, the motion to strike off was held to be correct, and was. granted.

The pleas filed are stricken off, and the defendants are assigned to answer within 20 days, with leave to set up by answer the same matter as is alleged in the identical pleas of all the defendants. All questions respecting costs are reserved.