CHISHOLM et al. v. JOHNSON.

(Circuit Court, D. Delaware. January 4, 1898.)

No. 197.

1. EQUITY PRACTICE—HEARING ON PLEAS.
    After a hearing on a plea set down for argument under equity rule 33, the court has power, without passing upon the merits of the plea, to overrule it and direct the defendant to file an answer, without prejudice to his right, subject to all just exception on the part of the complainant, to set forth in the answer the matter contained in the plea, where such course appears to the court best calculated to secure the doing of full justice between the parties.

2. SAME—COSTS.
    Where the matter presented by a plea set down for argument is such that it may reasonably be considered by the solicitor filing the plea to be good, although he be mistaken, and the plea is filed in good faith, and not vexatiously or for delay, costs should not be allowed to the complainant under equity rule 34.

(Syllabus by the Court.)

This was a bill in equity by Charles P. Chisholm, John A. Chisholm and Robert P. Scott, doing business under the firm name of Chisholm-Scott Company, against Zachariah Johnson, for alleged infringement of a patent. The cause was heard on a plea filed by the defendant.

C. L. Buckingham, for complainants.
Robert S. Taylor, for defendant.

BRADFORD, District Judge. The bill in this case alleges infringement by the defendant of certain letters patent owned by the complainants, relating to machines and methods for gathering, hulling and separating green peas, and prays for an injunction and an account of profits. The defendant interposed a plea to the whole bill. The plea was set down for argument and has been debated by the solicitors for the respective parties. It sets forth that the defendant

entered into a certain contract with one Empson which provided, among other things, that the latter was, for the consideration therein mentioned, to thresh for the former not less than a certain quantity of peas, to be furnished by the defendant, during a certain period; that the defendant was to supply Empson with all necessary power and labor for the operation of the machinery necessary to be used by Empson in performing his part of the contract, together with belting for the transmission of power to the machinery; and that Empson was to furnish the machinery. The plea further states that pursuant to the contract Empson furnished and set up two machines on the defendant's premises and threshed a quantity of peas belonging to the defendant, the power transmitted to the machines being received from an engine belonging to the defendant; that the machines were operated by an agent of Empson and were controlled and managed solely by such agent; that no part of the work was done by the defendant or his employés except the handling of the peas before and after the operation of threshing; and that "the defendant denies that otherwise than this he ever made, sold, owned or used any machine for threshing peas or used or practiced any process therefor."

The plea is one of non-infringement and, as such, is of very doubtful propriety. 3 Rob. Pat. § 1112; Sharp v. Reissner, 9 Fed. 445; Korn v. Wiebusch, 33 Fed. 50. It also lacks directness, amounting only to an argumentative denial of the infringement alleged in the bill, and is, therefore, objectionable. Story, Eq. Pl. § 662; McDonald v. Flour-Mills Co., 31 Fed. 577. There is some contrariety of practice as to the method of taking advantage of such defects in pleas in equity. In Korn v. Wiebusch, and in McDonald v. Flour-Mills Co., the plea had been set down for argument and was overruled, in the former case, because it set up non-infringement, and, in the latter, because it was argumentative. It may be a serious question whether correct procedure does not require a motion to strike the plea from the files, or the filing of exceptions to the plea, in order to take advantage of such defects. But these points of practice are not intended now to be decided. I am satisfied that, under the circumstances disclosed in the case, the doing of full justice between the parties is more likely to be secured by leaving the merits of the defense, sought to be raised by the plea, to be disposed of after the filing of an answer, rather than by now dealing with those merits. A decision, at this stage, of the broad question substantially presented by the plea might lead to embarrassments and complications of a technical nature, which should be avoided, and probably would not hasten the final disposition of the cause. If the matter disclosed by the plea be the only defense, it can just as well be taken advantage of in an answer, which would involve but slight delay. On the other hand, if there be other matters of defense than that presented by the plea, the time of the final disposition of the cause would not be materially advanced by passing now upon the merits of the plea. The course, therefore, which commends itself to the court, is to overrule the plea and rule the defendant to answer by the first rule day in February next, without prejudice to the right of the defendant, subject to all just exception on the part of the complainants, to set forth in his an-

swer the matter contained in the plea. This course will conserve the rights of both parties and avoid the establishment possibly of a troublesome and unsound precedent, and falls within a legitimate exercise of "the equitable discretion always exercised by the court of chancery in relation to pleas." Rhode Island v. Massachusetts, 14 Pet. 210, 257. The costs should abide the event of the suit. Equity rule 34 provides that upon the overruling of a plea "the plaintiff shall be entitled to his costs in the cause up to that period, unless the court shall be satisfied that the defendant had good ground in point of law or fact to interpose the same, and it was not interposed vexatiously or for delay." Where matter presented by the plea is such that it may reasonably be considered by the solicitor filing the plea to be good, although he be mistaken, and the plea is filed in good faith, and not vexatiously or for delay, costs should not be allowed under the rule to the complainant. The rule is not susceptible of any other construction; for if it should be held to mean that the court must be satisfied that the plea is good in law or fact, as the case may be, the rule could have no operation, as the plea would not be overruled. Whatever may be the final decision of the court upon the merits of the cause, I think that, in the sense in which the language is employed in the rule, "the defendant had good ground in point of law or fact to interpose the plea," and that "it was not interposed vexatiously or for delay."