KNOX ROCK-BLASTING CO. v. RAIRDON STONE CO.

(Circuit Court, S. D. Ohio, W. D. June 21, 1898.)

1. EQUITY PLEADING—FORM OF PLEA.
    A plea should state some single objection to the plaintiff's case which would be a complete defense either to the whole bill or to some distinct part of it.

2. SAME—PLEA IN PATENT SUIT.
    A plea to a bill in the usual form, charging infringement of a patent, is bad where it alleges that during a certain period the patented device was experimented with by defendant by consent of complainant, and that with respect to other occasions it did not infringe.

3. SAME.
    A plea to the bill is inappropriate to suits in equity for infringement of a patent unless in very special circumstances.

This was a suit in equity by the Knox Rock-Blasting Company against the Rairdon Stone Company for alleged infringement of a patent. The cause was heard on motion to strike from the files a plea to the bill.

Wood & Boyd and Bakewell & Bakewell, for complainant.

J. R. Ramsey, for defendant.

SEVERENS, District Judge. The motion to strike the defendant's plea from the files must be sustained. To a bill in the usual form, charging infringement of a patent, the defendant pleads that during a certain period the patented device was experimented with by the defendant by consent of the complainant, and that with respect to other occasions it did not infringe. A plea should state some single objection to the plaintiff's case which would be a complete defense either to the whole bill or to some distinct part of it. This plea does neither, but consists of matter which would be a defense for some of the period covered by the allegations of the bill and answers for the rest of the period. It has been several times decided that a defense by plea is inappropriate to this class of cases unless in very special circumstances, and I think the objections to it are re-enforced in this case by the general rule of equity pleading to which I have referred. Sharp v. Reissner, 9 Fed. 445; Hubbell v. De Land, 14 Fed. 471-474; Korn v. Wiebusch, 33 Fed. 50; Union Switch & Signal Co. v. Philadelphia & R. R. Co., 69 Fed. 833-835; Chisholm v. Johnson, 84 Fed. 381. Such cases as Leatherbee v. Brown, 69 Fed. 590, are distinguishable. There the whole matter of

defense in the case consisted of a single point, and the cases fall within the exception to the general rule above stated. The motion is sustained. Leave is given to answer within 20 days.