WESTERVELT et al. v. LIBRARY BUREAU.

(Circuit Court, D. Massachusetts. July 10, 1899.)

No. 673.

PATENTS—PRIOR INVENTION—EVIDENCE TO SUSTAIN PLEA.

A plea to a bill for infringement of the Stikeman patent, No. 541,395, for improvements in library shelving, alleging prior invention by another, *held* not supported by the evidence, which was directed entirely to showing prior invention of the bracket described in claim 1, which is but one element of the combination covered by claims 2 and 3.

In Equity. Suit for infringement of letters patent No. 541,395, issued June 18, 1895, to George Stikeman for improvements in library shelving. On plea to bill.

A. A. Connolly, for complainants.

Fish, Richardson & Storrow, Frederick L. Emery, and Nathan Heard, for defendant.

COLT, Circuit Judge. This bill in equity charges infringement of letters patent No. 541,395, issued June 18, 1895, to George Stikeman, for improvements in library shelving. To this bill the defendant filed a plea in bar setting up prior invention in one David E. Hunter. The plea alleges that:

"Prior to the alleged and pretended discovery or invention of said Stikeman, as alleged in said bill of complainant, one David E. Hunter, of Cambridge, Mass., did invent the library shelving, the use whereof by defendant is complained of as an infringement of the patent to said Stikeman, and with reasonable diligence adapted and perfected the same, and made, or caused to be made, before the alleged invention of said Stikeman, a structure embodying his said invention, which was complete and capable of producing the result to be accomplished, and thereupon and thereafter disclosed his said invention to others, and thereafter applied for and obtained letters patent of the United States for his said invention, No. 552,062, dated December 24, 1895, of which patent the defendant is the sole owner by duly-executed instruments of assignment here in court to be produced."

This plea is to the whole bill.

The Stikeman invention is expressed in the three claims of his patent, which are as follows:

"(1) A bracket for library shelves, consisting of a vertical plate having a vertical flange at its rear edge, a horizontal flange on its inner side and below the upper edge of the plate, a threaded nut or lug, and a perforated guiding lug on the inner side of the plate, in combination with a screw passing through the lug and nut and extending to the front edge of the plate, substantially as described.

"(2) In library shelving, the combination of a column composed of a flat plate, and a channel iron mounted on a suitable base, and secured at such distance apart as to leave a space between the flange of the channel iron and the face of the adjacent plate, with a bracket adapted to enter said space, and having a flange adapted to embrace the flange of the channel iron, substantially as described.

"(3) In library shelving, the combination with a suitable base of a flat vertical plate and a channel iron secured to the base, and arranged at such distance apart as to leave a space between the flat plate and the flange of the channel iron for the reception of a bracket, substantially as described."

The patent relates to library shelving. Claim 1 relates to the bracket; claims 2 and 3 relate to the combination of the standard with a suitable base and bracket. The evidence in support of the plea is limited to claim 1. It is directed to showing that Hunter was the prior inventor of the Stikeman bracket, or to the subject-matter of claim 1. It is not contended, and no evidence is introduced to the effect, that Hunter was the prior inventor of the combinations covered by the second and third claims of the patent.

The patent is not for a bracket alone, but for an improvement in library shelving. Such shelving necessarily embraces a standard as well as a bracket. The evidence introduced in support of the plea bears witness to the fact that in library shelving the form and construc-

tion of the standard is very nearly as important as the form and construction of the bracket.

The defendant's evidence falls short of proving the issue raised by the plea. The plea is overruled, with costs to the complainant.