### G. & C. MERRIAM CO. v. STRAUS et al.

(Circuit Court, S. D. New York. December 9, 1904.)

1. UNFAIR COMPETITION—INJUNCTION—PLEA.

The plea to a bill for injunction presenting a case of unfair competition in trade, arising from the manner in which defendants have used the word "Webster's" to lead the public to believe their dictionaries are those manufactured by complainants, is insufficient, it not denying explicitly the averments that the term when used on such dictionaries had acquired a meaning in the trade and with the public as signifying editions which were the product of complainants, and that defendants have used the word without any qualifying descriptive matter tending to show that their dictionaries are not the product of complainants; as, if such averments are true, the word has acquired a secondary meaning, and complainants are entitled to protection against the misleading use of it.

though any publishers, by reason of the expiration of the copyright on the literary product, are at liberty to use the word in a manner which distinguishes their dictionaries from those of complainants.

[Ed. Note.—Unfair competition, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.]

2. SAME—COPYING CHARACTERISTICS.
    The principles which interdict unfair competition in trade will protect a publisher who has imparted to his books peculiar characteristics, which enable the public to distinguish them from books published by others and containing the same literary matter, against the copying of the characteristics, though the copyright on the literary matter has expired.

3. SAME—PLEAS—SUBSTITUTE FOR ANSWER.
    A plea to a bill for unfair competition which amounts substantially to a denial, with an allegation of evidential facts to disprove the charges of the bill, is improper, an answer being sufficient.

E. E. Wise and Mr. Banning, for the plea.
Hale & Judson, opposed.

WALLACE, Circuit Judge. The elaborate briefs which have been filed upon the argument of the plea invite discussion of many questions which are not involved in deciding whether the plea which has been set down for argument is good upon its face. The facts set forth in the bill present a case of unfair competition in trade by the defendants, arising from the manner in which they have used the word "Webster's," to lead the public to believe that their dictionaries are the dictionaries which are produced and manufactured by the complainants. The plea is a purely negative plea, except that it sets forth facts which show that the word as applied to dictionaries which reproduce the definitions of which Noah Webster was the author was publici juris, as a generic descriptive term for such dictionaries, at the time of its alleged wrongful use by them. The plea does not deny explicitly the averments of the bill which assert that the term when used on such dictionaries had acquired a meaning in the trade and with the public as signifying editions which were the product of the complainants, and assert that the defendants have used the word without any qualifying descriptive matter tending to show that their dictionaries are not the product of the complainants. If these averments are true, the word had acquired a secondary meaning, and the complainants are entitled to protection against the misleading use of it, notwithstanding the defendants are at liberty to use it in a manner which distinguishes their dictionaries from those of the complainants. Because the denials in the plea do not fully meet the averments in the bill of evidential facts which should be either traversed or admitted, the objections to the plea are well taken.

The exhibits annexed to the bill suggest grave doubt whether the books sold by the defendants, notwithstanding the use of the word "Webster's" thereon, are not sufficiently distinguished from those published by the complainants to repel the charge of unfair competition; but any present discussion of the merits would be out of place. It is proper, however, to say that the bill is in part an attempt to protect the literary property in the dictionaries which became publici juris upon the expiration of the copyrights. This attempt must prove futile.

But there may be a commercial property in books as well as a literary property, and when a publisher has imparted to his books peculiar characteristics which enable the public to distinguish them from other books embodying the same literary property, and to recognize them as his particular product, there is no reason why the principles which interdict unfair competition in trade should not afford him protection against the copying of the characteristics by rivals. So far as the bill proceeds upon this theory it presents a meritorious case.

The defense sought to be interposed by the plea could as well have been presented by an answer. If it is true that the word had become a generic descriptive term for dictionaries such as the defendants have sold and threaten to sell, and that the defendants have made no misleading use of it, the case made by the bill is fully met, and the defendants by their answer can narrow the controversy to these issues. It is doubtful whether such a defense is the proper subject of a plea. The new facts which it brings forward are merely evidential facts which go to disprove the charges in the bill of the unfair use of the word by the defendants. It is not the province of a plea to interpose defenses which can be raised by denying some of the statements of the bill without bringing forward any new fact which creates a bar to the suit or to that part of the bill to which the plea is addressed. Thus, in a suit brought to restrain infringement of a patent, the defense of noninfringement is not properly interposed by a plea, and should be presented by an answer. Sharp v. Reissner (C. C.) 9 Fed. 445; Korn v. Wiebusch (C. C.) 33 Fed. 50; Union Switch & Signal Co. v. Philadelphia & R. R. Co. (C. C.) 69 Fed. 833. The defense set up in the present plea amounts substantially to a denial that the complainants have any exclusive right to the use of the word, or that the defendants have used it unfairly. In other words, it amounts to a denial of infringement of the rights of the complainants.

The plea is overruled, and the defendants are directed to answer.