RAY, District Judge.
The bill of complaint is filed to restrain alleged infringement by defendant of complainant’s letters patent No. 736,461, dated August 18, 1903, and which relate to electrical motors and brakes. The bill is in the usual form and contains the usual allegations. The material part of the bill alleging infringement is in the following words:
“And your orator further shows unto your honors, that the defendant, General Electric Company, * * * without the license of your orator and against his will, made, used and sold, and is now making, using and selling, electric motors and brakes containing and embodying the invention and improvement secured exclusively to your orator by said letters patent; that each of said electric motors and brakes so made, used or sold by the said defendant, contains the invention secured to your orator by said letters patent and is covered by the claims of the same, and was and is in violation and infringement of said letters patent,” etc.
It will be noted that the bill of complaint does not describe the infringing machine or apparatus or give it any name. The infringement may lie in the use of one or of a dozen machines each differing from the other. The defendant files a plea, the material part of which reads:
“Prior to the alleged and pretended discovery or invention of said Alfred A. Thresher, as alleged in said bill of complaint, one Edward W. Robinson of Schenectady, N. Y., did, at the expense of and while in the employ of the defendant and in the course of his duties to the defendant under such employment, invent the improvements in electrical motors and brakes, the manufacture, use and sale whereof by the defendant is complained of as an infringement of letters patent No. 736,461, granted to said Thresher, and with reasonable diligence did adapt and perfect the same and disclose his said invention to others, and on the 22d day of April, 1904, he filed in the United States Patent Office an application for a patent for his said invention, as a substitute for and a continuation of an application filed by him on April 3, 1903 for the said invention, of which said invention and applications therefor the defendant, General Electric Company, is the sole owner, by duly executed instruments of assignment here in court to be produced, and is diligently prosecuting the said application of April 22, 1904, but the granting of letters patent upon said application has been delayed because said application has been put in interference in the Patent Office with said patent to Thresher No. 736,461, and the said interference is now before the Commissioner of Patents upon an appeal taken by said Thresher from the decision of the board of examiners in chief awarding priority of invention to said Robinson.”
*339 The substance of this plea is that prior to the discovery' of the invention of the complainant described in his patent one Robinson invented the improvement in electrical motors and brakes complained of as an infringement of complainant’s patent, and with reasonable diligence perfected and disclosed his invention to others and applied for a patent thereon, which application is now pending, and that by assignment the defendant has become and is the sole owner of such invention. If Robinson invented anything prior to complainant’s invention which is an infringement of complainant’s patent it is quite plain that Robinson was and is the first inventor of the device in question and entitled to the patent, and that Thresher is an infringer, or will be, when defendant shall have obtained his patent for the Robinson invention. The Robinson invention,. if first discovered and invented, etc., by him, is not an infringement of complainant’s patent, for complainant’s patent is void. It seems to me that the plea alleges “prior invention” by Robinson, not of the device patented by Thresher and described in his bill of complaint directly, but of the device referred to therein as an infringing device, and therefore indirectly and inferentially of Thresher’s device. In any event the plea sets up the defense of noninfringement, for if Robinson invented, used, and disclosed the device referred to, and applied for a patent therefor in due time, all prior to Thresher’s discovery of the patented device, the use by defendant of the Robinson ’ device cannot infringe complainant’s patent.
The words used in the plea, “one Edward W. Robinson * * * did * * * invent the improvements,” etc., must be held to mean that the alleged infringing structure was a patentable invention and that Robinson was the first inventor and in due time, etc., applied for a patent, and I think the language broad enough to cover each and every alleged infringing device used by defendant. If the same invention as complainant’s then prior invention is pleaded; if a patentable invention but not the same as complainant’s, whether a prior invention or not* then noninfringement is pleaded. The plea does not reduce the case to a single point, but to two points, viz., possible prior invention and possible noninfringement. If either of these contentions should be sustained by the proofs in support of the plea the complainant will fail in his action. Should the proofs fail to sustain the plea, then defendant may answer and plead prior invention by some other person, no invention in view of the prior art, anticipation, noninfringement, etc. The whole matter would be open to investigation, except it would be determined that the device of defendant alleged to infringe was not the prior invention of Robinson, the defendant’s assignor. Even infringement by other devices than Robinspn’s as well as by Robinson’s would be an open issue. Suppose the proofs under the plea should establish to the satisfaction of the court that Robinson invented a device prior to complainant’s invention of his device, but it should also appear that Robinson’s patentable device is not the one or ones used by defendant and charged as an infringement? The case would be where it was before the plea was filed and a long and useless delay would have been caused. When we go into the question of whether *340 or not Robinson’s device is a patentable device, an invention, and when and by whom first invented, etc., we open a very broad field, and I cannot see that the case would be reduced, practically, to but a single point, and that the necessity for taking evidence at large, substantially, would be avoided.
When, in an equity action, the bill as a whole fails to state facts which, if confessed, do not,entitle the complainant to any relief a demurrer is the proper pleading. That is the demurrer is upon matter defective contained in the bill itself. Farley v. Kittson, 120 U. S. 303-315, 7 Sup. Ct. 534, 540, 30 L. Ed. 684. It is there said:
“The distinction between a demurrer and a plea dates as far back as the time of Lord Bacon, by the fifty-eighth of whose ordinances for the administration of-justice in chancery, ‘a demurrer is properly, upon matter defective, contained .in the bill itself, and no foreign matter.’ ”
When, in such an action, some one fact, or set of facts going to one point of.; the case and absolutely necessary to be proved to make the case, is alleged, and there are also other facts that must be proved to establish other necessary points, a plea may be allowed denying such facts going to that point or setting up facts not suggested by the bill which if established absolutely controvert the allegation as to that point, or nullify it. But the plea must go to the one point, or reduce the-case'to one point, and must be such that if sustained it will necessarily end the case. Fletcher, Eq. Pl. & Practice, § 240; Cheney v. Patton, 134 Ill. 422, 25 N. E. 792; Wood v. Mann, 1 Sumner, 506, Fed. Cas. No. 17,951; Meeker v. Marsh, 1 N. J. Eq. 198; Farley v. Kittson, 120 U. S. 303, 314, 315, 316, 7 Sup. Ct. 534, 30 L. Ed. 684; United States v. California, etc., Land Co., 148 U. S. 39, 13 Sup. Ct. 458, 37 L. Ed. 354. In the last case cited the Supreme Court said:
“In Farley v. Kittson, 120 U. S. 303, 314, 315, 316, 7 Sup. Ct. 534, 539, 30 L. Ed. 684, the nature and functions of a plea were fully discussed. It was said: ‘But the proper office of a plea is not, like an answer, to meet all the allegations of the bill; nor like a demurrer, admitting those allegations, to deny the equity of the bill; but it is to present some distinct fact, which of itself creates a bar to the suit, or to the part to which the plea applies, and thus to avoid the necessity of making the discovery asked for, and the expense of going into the evidence at large. Mitford, Pl. (4th Ed.) 14, 219, 295; Story, Eq. Pl. §§ 649, 652.'”
This will avoid the necessity of going into and taking evidence at large, that is, on all the questions presented by the bill. But, in a patent case, a plea is not the proper mode of presenting an absolutely affirmative defense, one of several, such as prior invention, or anticipation. Such a plea presents for trial the questions who first invented the patented device and is the alleged infringing device the same in substance as complainant’s, or does it embody his device? It may assert simply or go to show that defendant’s advice is a patentable device and not the device of complainant, or one that embodies complainant’s, and was a prior invention, in either of which cases non-infringement would be established.
In the following cases it has been held that the defense of noninfringement cannot be raised by plea except under extraordinary or very special circumstances, and in some of them that pleas to the bill in *341 equity for infringement of a patent are inappropriate: Sharp v. Reissner (C. C.) 9 Fed. 445; Hubbell v. De Land (C. C.) 14 Fed. 471-474; Korn v. Wiebusch (C. C.) 33 Fed. 50; Union Switch Signal Co. v. Philadelphia & R. R. Co. (C. C.) 69 Fed. 833-835; Chisholm v. Johnson (C. C.) 84 Fed. 384; Knox Rock Blasting Co. v. Rairdon Stone Co. (C. C.) 87 Fed. 969.
In the case last cited, Stevens, D. J., said:
“It has been several times decided that a defense by plea is inappropriate to this class of cases [patent cases] unless in very special cases.”
In Hubbell v. De Land, supra, the court said:
“Argument can hardly be needed to show that the question of the infringe-of a patent is not the proper subject of a special plea.”
In Korn v. Wiebusch, 33 Fed., at page 51, Coxe, D. J., now of the Circuit Court of Appeals, Second Circuit, cited and approved this and also said:
“The issue tendered by the plea is whether or not the defendants infringe .the claim of the patent construed in connection with the specifications, the file wrapper and contents, and in the light of the prior art. • This is the controversy which usually arises when the defendant denies that he makes, uses, or vends the patented device. In other words, the defendant seeks to try the question of infringement upon a plea. It is clear that there is no authority for such practice.”
In Hubbell et al. v. De Land, supra, at page 474, the court said:
“Argument can hardly be needed to show that the question of the infringement of a patent is not the proper subject of a special plea.”
In Hubbell v. DeLand, a patent case, a motion to strike off the plea was denied, but there the plea set up that it appeared by a comparison of the reissued letters patent sued upon with the original that the reissued letters patent were for an entirely different thing than that mentioned in thé original letters; that the claim in the reissue was unlawfully expanded so as to embrace improvements covered by other patents issued after the granting of the original patent, and before the reissue, and therefore the reissued letters patent were void.
In Union Switch & Signal Co. v. Philadelphia, etc. (C. C.) 69 Fed. 833, the court held:
“Where a bill claims under several separate patents, alleging that the subject-matter of each is conjointly used by defendants in one and the same connected machine, mechanism, or apparatus, the defendants cannot take issue upon this averment by means of a plea, but the same should be averred by answer.”
And at pages 835 and 836 said:
“The defense set up amounts to a denial that the defendants Infringe, as Is alleged in the bill; that is to say, by conjoint use; and, as was urged by counsel in Sharp v. Reissner, 9 Fed. 447, where noninfringement broadly had been pleaded, expense to both parties might be avoided by having the single point first and separately investigated and determined. Yet the learned court there pointed out that the allowance of such a plea might, on the other hand, increase expense;' and held, upon reasoning which is perfectly satisfactory to me, that the plea there interposed was bad, remarking, as may now be remarked, that ‘no authority is cited where a plea like the present one has been * * * allowed in a suit for the infringement of a patent.' ”
*342 Attention is called to Westervelt et al. v. Library Bureau (C. C.) 114 Fed. 487, where the plea was to the whole bill and went to the question of prior invention. In that case issue was joined on the plea and evidence taken which was held not to support the plea. So far as appears the question was not raised whether it is proper in a patent case to raise the question of prior invention by a plea of prior invention. Quite likely it is within the discretion of the court to permit the plea of prior invention in a suit in equity for the infringement of a patent. But to justify the practice it should appear with reasonable certainty that the determination of the plea will end the case. In trying the question of prior invention we necessarily take and consider evidence as to whether or not invention is disclosed in view of the prior art, as well as to who was the inventor if invention is disclosed, and also as to whether the invention is the same as complainant’s. This involves not only an examination of the whole prior art, but a construction of the claims of complainant’s patent, and, possibly, other matters. . It seems to me bad practice to permit pleas of this character W'hich result in delays and embarrassments, and in many cases, possibly, in trying the case in sections. I find here no special or extraordinary circumstances justifying the plea.
In Arrott v. Standard S. Mfg. Co. (C. C.) 113 Fed. 389, it was held that the defense of prior invention and use in a suit in equity for •-the infringement of a patent, which defense under Rev. St. § 4920 [U. S. Comp. St. 1901, p. 3394], is provable on notice in writing in the answer, cannot be raised by plea.
The motion to strike off the plea is granted. Defendant may have 30 days after service of the order entered pursuant hereto in which to answer.