ROBINSON v. CHICAGO RYS. CO.

(Circuit Court of Appeals, Seventh Circuit. May 6, 1909. Petition for Rehearing Denied November 10, 1909.)

No. 1,558.

1. EQUITY (§ 240*) — PLEADING — MOTION TO STRIKE OUT — TREATING AS DEMURRER.

The rule of chancery practice that every demurrer must be set down for argument on a day certain, when the parties may be heard thereon, cannot be summarily dispensed with; and where a court ordered a motion to strike a bill from the files to be changed to a demurrer instanter, it was error to also sustain it at once, instead of treating it with the formality of a demurrer, and setting it down for argument on a future day.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 514; Dec. Dig. § 240.*]

2. PATENTS (§ 310*)—SUITS FOR INFRINGEMENT—PLEADING—MULTIFARIOUSNESS.

A bill for the infringement of two patents is multifarious, unless it alleges that they are capable of conjoint use, and have been so used by defendant in what is practically a single device.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 518; Dec. Dig. § 310.*]

In Error to the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit in equity by Elbert R. Robinson against the Chicago Railways Company. From a decree dismissing the bill, complainant appeals. Modified and affirmed.

This is an appeal from a final decree of the Circuit Court of the Northern District of Illinois, Eastern Division, dismissing a bill in equity to enjoin infringement of two certain letters patent of the United States, issued to appellant, numbered, respectively, 866,306 and 886,541. It appears that an amended bill had been held bad on demurrer, leave being granted to amend. Accordingly a second amended bill was filed, whereby, among other things, two of the original parties defendant were dropped. Thereupon the defendant moved the court to strike the second amended bill of complaint from the files, for the reason that the complainant had not, by any proper amendment, cured the defects in the former amended bill, which had been held fatal upon the demurrer, and also moved that the suit be dismissed, with costs. It appears that the complainant then gave notice of a motion to strike the motion of defendant from the files of the court on numerous technical grounds, which it is unnecessary to enumerate. While these two cross-motions were pending the court, on November 23d, entered the following order: "This cause coming on this day to be heard upon the motion of the defendant heretofore filed herein for an order striking from the files the second amendment to the bill

of complaint, filed herein by said complainant on October 12, 1908, and the court having heard the arguments of counsel for said defendant and of the complainant in person, and being fully advised in the premises, it is ordered, adjudged, and decreed by the court that the said motion of said defendant to strike from the files stand as a demurrer to the second amendment; that said defendant be given leave to have the said motion certified and sworn to instanter, in accordance with the rules of court respecting demurrers; that the said demurrer to the said second amendment be, and the same is, hereby sustained; that the said second amendment be, and the same is, hereby stricken from the files; and that said complainant have leave to amend his bill herein within five days from this date."

The complainant in his own behalf thereupon made three ineffectual motions to set aside and revoke the order of the court, whereby he disclosed his unfamiliarity with chancery proceedings, and, having failed to amend within five days, the following decree was entered on the 1st day of December: "This cause coming on this day to be heard upon the motion of the defendant to dismiss the above-entitled cause, at complainant's costs, and all parties being before the court, and it appearing to the court that by an order entered herein on the 23d day of November, 1908, the demurrer of the defendant to the second amended bill of complaint was sustained, and the complainant given leave to amend his bill of complaint within five days from November 23, 1908, and it further appearing to the court that the period allowed said complainant to amend his bill having now expired, and said complainant having failed to amend his bill herein within said period of five days, and having elected to stand by his second amended bill of complaint, it is therefore ordered, adjudged, and decreed by the court that the above-entitled cause be and the same is hereby dismissed, at complainant's costs, to be taxed. It is further ordered, adjudged, and decreed by the court that the clerk of this court issue execution for the costs of the defendant as herein adjudged." From this decree the appeal is taken.

Elbert R. Robinson and Richard T. Greener, for appellant.

George A. Chritton and Russell Wiles, for appellee.

Before BAKER, Circuit Judge, and ANDERSON and QUARLES, District Judges.

QUARLES, District Judge (after stating the facts as above). The complainant, who is the patentee, has undertaken to conduct his own case, and has been drawn into a technical contest which has resulted in disaster to him, and has produced a record so complicated that it is not easily disentangled. This record well illustrates the futility of any attempt on the part of one not learned in the law to pilot his own case through the mazes of the procedure of the English Court of Chancery, which system is still retained in the federal courts. It would be fruitless to follow the several stages of the technical combat. It is sufficient to state that a motion was made by the defendants to strike the second amended bill from the files, because the amendments had not effectually cured the defects pointed out by the demurrer and held fatal to the amended bill. For some reason the court preferred that the question should be presented in the form of a demurrer, and thereupon made the order of November 23d, providing that the pending motion should stand as a demurrer, and that the certificate and affidavit required by the rules might be attached thereto instanter.

Whether it is a legitimate exercise of judicial power to transform a motion into a demurrer, we do not decide; but we are unwilling to sanction the procedure adopted by the court whereby a new-made demurrer was sustained instanter, and whereby the second amended

bill was stricken from the files, all of which was accomplished without debate and in the twinkling of an eye. The familiar requirement of chancery practice that every demurrer must be set down for argument on a day certain, when the respective parties may be heard thereupon, cannot be summarily dispensed with. If the order was effectual to transform the motion into a demurrer, it should have been treated with the ceremony and respect due to a demurrer, under our familiar practice. Neither could it at the same time discharge the dual function of a motion and justify an order striking the second amended bill from the files, so that there remained nothing in the record to amend by; the earlier bills having gone out of the case by former action of the court.

Furthermore, the decree fails to disclose whether the action was dismissed for want of equity, or because of one or more of the several irregularities pointed out as the grounds of demurrer. It is probable that the decree as entered would stand as a bar to any further action or proceeding by the complainant. This seems to be a severe penalty for the complainant to pay for his lack of legal knowledge. The law allows him to appear in his own proper person, and the court is probably justified within reasonable limits in protecting a meritorious cause of action, when imperiled solely by lack of skill on the part of complainant to meet technical defenses interposed by astute counsel. It will be observed that the second amended bill is a third attempt on the part of complainant to frame a suitable bill for infringement, which among members of the profession is not esteemed a difficult task. We have been led to consider the numerous technical objections that are urged to this second amended bill, and we feel justified in admonishing the complainant that his task has not yet been successfully accomplished. He has become enmeshed in technical difficulties from which we would be glad to relieve him, so far at least as to preserve any meritorious cause of action he may have upon either of his letters patent.

During the argument the complainant made profert of his letters patent, which on their face would seem to indicate that they are not capable of conjoint use in any single device. We notice, also, that the second amended bill contains no averment that the two inventions are capable of conjoint use, nor that the defendant has employed them conjointly in any alleged infringing device. Therefore the objection of multifariousness seems to be well taken, and would seem to that extent to justify an order sustaining the demurrer. In 1 Foster's Federal Practice (3d Ed.) § 77, the law is stated as follows:

"A bill to enjoin the infringement of several distinct patents has been held multifarious; but if all the patents are infringed in the use or manufacture of a single machine, etc., and it is so alleged, the bill is good."

It has been said that complainant should aver that said inventions are capable of conjoint as well as separate use, and are so used by defendant. Perhaps the leading case upon the subject is Hayes v. Dayton (C. C.) 8 Fed. 702, 705, where the doctrine as stated by Foster is held to be the law. See, also, Gamewell v. City of Chillicothe (C. C.) 7 Fed. 353; Barney v. Peck (C. C.) 16 Fed. 413; Lilliendahl v.

Detwiller (C. C.) 18 Fed. 176; Louden v. Montgomery Ward (C. C.) 96 Fed. 232; Union Switch Co. v. Philadelphia R. R. Co. (C. C.) 68 Fed. 914; Union Switch Co. v. Philadelphia R. R. Co. (C. C.) 69 Fed. 833; Kaiser v. Bortel (C. C.) 162 Fed. 902, 907. It has also been held that the objection of multifariousness is not obviated by the fact that two or more patents are employed in the same system of railway, unless they act together, and practically constitute a single device. Consolidated Electric Light Company v. Brush-Swan Electric Light Company (C. C.) 20 Fed. 502.

Considering all the circumstances, we feel inclined to afford the complainant further opportunity to have framed a suitable bill based upon either of his letters patent, and thus obviate numerous technical objections which now confront him. We have therefore concluded to direct an amendment of the decree by the insertion of a clause therein to the effect that the cause is dismissed on the ground that the bill of complaint is multifarious, and also by a clause to be inserted therein that the decree of dismissal is without prejudice to the right of complainant to institute such suit or suits, either at law or in equity, based upon either or both of his letters patent, as he may be advised. And after such amendments the decree of the Circuit Court will be affirmed.

And it is so ordered.